975 F.2d 1488
 In re FEDERAL GRAND JURY PROCEEDINGS (FGJ 91-9), Ronald
COHEN, Appellant.
In re FEDERAL GRAND JURY PROCEEDINGS (FGJ 91-9), Nathaniel
VEAL, Charlie Haynes, Andy Watson, Intervenors-Appellants.
In re FEDERAL GRAND JURY PROCEEDINGS (FGJ 91-9), Robert
KLAUSNER, Appellant.
 Nos. 92-4826, 92-4844 and 92-4881.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 9, 1992.
 
 Roy Black, Black & Furci, P.A., Miami, Fla., for Ronald Cohen.
 Roy J. Kahn, Miami, Fla., for Nathaniel Veal, Charlie Haynes, Andy Watson.
 Michael Brodsky, Miami, Fla., for Robert Klausner.
 Appeals from the United States District Court for the Southern District of Florida.
 Before FAY, KRAVITCH and COX, Circuit Judges.
 PER CURIAM:
 
 
 1
 Attorneys Robert Klausner and Ronald Cohen ("petitioners") were subpoenaed to testify before a grand jury. They appeal the denial by the district court of their motion to quash the subpoenas. Police officers Charlie Haynes, Nathaniel Veal and Andy Watson ("intervenors"), who had been advised by the attorneys in a prior proceeding, also appeal the district court's denial of their motion to quash. Petitioners and intervenors both move for a stay pending appeal.
 
 
 2
 We deny the petitioners' motion for a stay for lack of jurisdiction. Although we have jurisdiction over intervenors' motion, we deny the stay for failure to comply with the requisites for injunctive relief.
 
 I. Background
 
 3
 Intervenors Haynes, Veal and Watson are members of the Street Narcotics Unit of the Miami Police Department. The officers allegedly were involved in a struggle with a suspect, Leonardo Mercado, which resulted in Mercado's death.[1] Petitioners Klausner and Cohen are attorneys who represent the Fraternal Order of Police (FOP). The attorneys gave legal advice to the police officers on the night of Mercado's death. After consulting with their attorneys, the officers were questioned about the incident by an internal investigation unit at police headquarters.
 
 
 4
 The officers then were charged and indicted for violating Mercado's civil rights under 18 U.S.C. §§ 241 and 242. In this previous criminal proceeding, the police officers sought to suppress certain statements made to their commanding officers about the incident that led to the death of Leonardo Mercado. Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), provides immunity to police officers who witness potentially criminal activity and are asked to provide information to police internal investigation personnel. Garrity protects police officers from having to choose between cooperating with an internal investigation and making potentially incriminating statements. Immunity under Garrity prevents any statements made in the course of the internal investigation from being used against the officers in subsequent criminal proceedings.
 
 
 5
 District Judge Stanley Marcus,[2] conducted a pretrial suppression hearing to investigate the merits of the officers' immunity claim. In order to prove that they were entitled to Garrity immunity, Officers Veal, Watson and Haynes asked their attorney, Klausner, to testify as to the advice he gave them before they were interviewed by the internal investigation team.[3] Klausner's testimony was necessary to prove that (1) the police officers subjectively believed that the statements were compelled upon threat of losing their jobs and (2) their belief was objectively reasonable at the time the statements were made. United States v. Camacho, 739 F.Supp. 1504, 1515 (S.D.Fla.1990) (adopting test cited in United States v. Friedrick, 842 F.2d 382 (D.C.Cir.1988)).[4] In addition, the officers testified as to the advice they received from another attorney, Cohen, in order to establish their Garrity claim. Because officers Veal, Haynes and Watson were concerned that Klausner's testimony, and their testimony confirming how Klausner and Cohen advised them on the night of Mercado's death, would waive their attorney-client privilege, Judge Marcus noted the limited nature of the testimony and "prevented the government from inquiring as to communications beyond this narrow area, on the grounds of attorney-client privilege." Dist.Ct.Order in instant proceeding at 3 (citing Transcript, Klausner's testimony under cross-examination by the government at the suppression hearing, passim [hereinafter Transcript]. In addition, intervenors repeatedly asserted that they were not waiving their privilege. Dist.Ct.Order at 4 (citing Transcript).
 
 
 6
 Judge Marcus found that the officers were entitled to immunity for their statements made subsequent to their arrival at the police station, but their statements made at the scene of the incident were admissible. Subsequently, after a jury trial, the officers were acquitted on some counts; others were dismissed.[5] The government now seeks to investigate the incident further; therefore, it has subpoenaed the attorneys to appear before the grand jury.
 
 
 7
 The attorneys filed motions to quash their subpoenas. The police officers petitioned the district court for leave to intervene and to quash the attorneys' subpoenas. The district court allowed the police officers to intervene, but denied the motions to quash the subpoenas. Both the attorneys and the police officers filed timely Notices of Appeal to this court. The district court initially stayed its order for fifteen (15) days in order to give the parties time to file an appeal to this court. The district court then granted an additional stay for ten (10) days to allow the parties to seek an expedited appeal or a stay of the proceedings from this court. Petitioners and intervenors now seek an emergency stay of the grand jury proceedings pending appeal.
 
 II. The Attorneys' Right to Appeal
 
 8
 Attorneys Klausner and Cohen have filed a timely appeal and have asked this court to stay the grand jury proceedings until the appeal is decided. This court, however, lacks jurisdiction to grant a stay at this stage in the proceedings.
 
 The Supreme Court has held that
 
 9
 one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its command or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.
 
 
 10
 United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1581-82, 29 L.Ed.2d 85 (1971) (reaffirming holding of Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940)). See also In Re Grand Jury Proceedings in Matter of Fine, 641 F.2d 199, 201 (5th Cir. Unit A, March 1981).[6] Attorneys Klausner and Cohen thus are barred from asserting their claims at this point in the proceedings.
 
 
 11
 The attorneys may disobey the subpoena or they can choose to appear before the grand jury. If they appear before the grand jury, the government might ask questions on a limited number of topics, which the attorneys may or may not refuse to answer. The attorneys have not made that final choice. Consequently, their appeal to this court is premature and the court lacks the jurisdiction to hear their claims. We deny the attorney's motion for an emergency stay of the grand jury proceedings.
 
 III. Intervenors' Right to Appeal
 
 12
 Despite the longstanding precedent that the denial of a motion to quash a subpoena is not appealable as to the party subpoenaed, the Supreme Court has allowed an exception when "the subpoenaed party is one who has no direct and personal interest in the suppression of the information desired by the grand jury." In Re Grand Jury Proceedings In Matter of Fine, 641 F.2d at 201 (citing Perlman v. United States, 247 U.S. 7, 13, 38 S.Ct. 417, 419, 62 L.Ed. 950 (1918)). Such a party is unlikely to put herself at risk for a contempt citation in order to appeal the denial of the motion to quash. "In such circumstances, the order of the district court is considered final as to the injured third party who is otherwise powerless to prevent the revelation." Id. 641 F.2d at 202 (citing Perlman, 247 U.S. at 13, 38 S.Ct. at 419, 62 L.Ed. 950). This exception prevents the intervenor from losing all rights to appeal if the subpoenaed party does not choose to assume the risk of contempt.
 
 
 13
 Intervenors Veal, Haynes and Watson fit within this narrow exception. Their attorneys, Klausner and Cohen, seek to quash the subpoena on the grounds that any questioning by the grand jury would violate the attorney-client privilege. In denying the motion to quash, the district court found that the attorney-client privilege had been partially waived when Klausner and Cohen testified at the suppression hearing in the previous criminal case against the intervenors. Any information obtained from the lawyers would harm, if at all, the intervenors in any subsequent criminal proceeding brought against them. We do not know whether the attorneys will submit to a contempt citation to protect their clients' interests. Accordingly, the intervenors' claim is immediately appealable.
 
 IV. Motion for Stay Pending Appeal
 
 14
 For this court to grant a stay pending appeal, the petitioner must show: (1) a likelihood that they will prevail on the merits of the appeal; (2) irreparable injury to the intervenors unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. In Re Grand Jury Proceedings (Twist), 689 F.2d 1351, 1353 (11th Cir.1982) (citing Pitcher v. Laird, 415 F.2d 743, 744-45 (5th Cir.1969)). The intervenors have failed to show that there is a likelihood they will prevail on the merits or that they will suffer irreparable harm.
 
 
 15
 Intervenors assert that any questions put to attorneys Klausner and Cohen by the grand jury will violate the attorney-client privilege. The attorney-client privilege is a common law privilege that protects confidential communications between the lawyer and the client in securing legal advice.[7] See In Re Grand Jury Proceedings (Twist), 689 F.2d at 1352 (citations omitted). The privilege belongs to the client and only she can waive it. Fla.Stat.Ann. § 90.502(3). The government argues that the privilege was waived at the suppression hearing by Klausner's testimony and the officers' own testimony about the advice Cohen gave them.
 
 
 16
 Given these facts, intervenors Veal, Haynes and Watson ask this court to extend the rule of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), to protect them from having their testimony at the suppression hearing, and that of Klausner, used against them in the pending proceeding. In Simmons, the Court held that a defendant cannot be forced to forego assertion of his Fourth Amendment right to challenge an allegedly unlawful search and seizure at the pretrial stage in order to prevent any incriminating statement made at the hearing from being used against the defendant at trial. Id. at 389, 88 S.Ct. at 973-74. The Court reasoned that a defendant should not be forced to surrender one constitutional right, a Fourth Amendment claim, at the expense of another constitutional right, the Fifth Amendment right against self-incrimination. Id. at 394, 88 S.Ct. at 976-77.
 
 
 17
 Intervenors' Simmons argument fails for several reasons. First, Simmons, although never explicitly overruled by the Supreme Court, has been considerably narrowed and its reasoning questioned. In McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), the Court held that it was not unconstitutional for a state to have a single trial on the guilt and sentencing phases of a capital case. The defendant had argued that under Simmons he should not be forced to choose between maintaining his silence under the Fifth Amendment for guilt purposes and trying to plead for leniency in punishment. The Court rejected the Simmons argument and wrote, "While we have no occasion to question the soundness of the result in Simmons, ... to the extent that its rationale was based on a 'tension' between constitutional rights and the policies behind them, the validity of that reasoning must now be regarded as open to question...." Id. at 212, 91 S.Ct. at 1470.
 
 
 18
 Second, this circuit has never extended Simmons to situations involving the exclusion of prior testimony when competing rights, whether constitutional or statutory, are at issue.[8] See United States v. Dohm, 618 F.2d 1169 (5th Cir.1980) (en banc) (government not barred from introducing at trial testimony made by defendant at bond hearing); United States v. Suarez, 820 F.2d 1158 (11th Cir.1987), (court declines to decide whether waiver of attorney-client privilege to introduce testimony of former attorney at plea withdrawal triggers Simmons protection). Given the narrow reading the Supreme Court has given its own precedent, we decline to read Simmons broadly enough to apply to the case at hand. Because intervenors' Simmons argument fails, they have not established that they are likely to prevail on the merits of their appeal.
 
 
 19
 Moreover, the intervenors have failed to establish irreparable harm. The intervenors assert that the testimony of their attorneys could be used as evidence in support of an indictment against them. However, in the instant proceedings, the district court's order strictly limited the scope of the attorneys' testimony. The court held that the intervenors had only waived their attorney-client privilege to the extent of the subjects testified to at the suppression hearing. The court stated that "the prior testimony amounted to a very limited waiver. Judge Marcus's rulings on objections clearly define the parameters of permitted inquiry." Dist.Ct.Order at 9.
 
 
 20
 We agree with the district court that Judge Marcus's rulings and his opinion set forth the limits of the questioning. See Camacho, 739 F.Supp. at 1508-10, 1512, 1517-18. We affirm the district court's conclusion that this limited area of inquiry was available to the government once the privilege was waived. Because the area of inquiry is narrowed to the parameters of Judge Marcus's rulings in the suppression hearing, the intervenors cannot establish irreparable harm.
 
 
 21
 The motions for an emergency stay of the grand jury proceedings pending appeal are DENIED.
 
 
 
 [1]
 The officers involved were Pablo Camacho, Charlie Haynes, Ronald Sinclair, Thomas Trujillo, Nathaniel Veal, Jr. and Andy Watson. Thomas Trujillo has been granted immunity. Ronald Sinclair is now deceased
 
 
 [2]
 Judge Marcus sits on the United States District Court for the Southern District of Florida
 
 
 [3]
 Attorney Cohen did not testify at the suppression hearing but the defendants testified as to the advice Cohen gave them
 
 
 [4]
 Camacho is the reported decision on the suppression hearing involving Garrity issues and the intervenors in this case
 
 
 [5]
 There were two indictments. Judge Marcus dismissed the counts in the initial indictment on November 20, 1990. Subsequently, after the acquittal on some counts in the second indictment, the others were dismissed without prejudice on January 17, 1991
 
 
 [6]
 Under Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981
 
 
 [7]
 In Florida, the privilege is codified in statute. See Fla.Stat.Ann. § 90.502 (West 1992)
 
 
 [8]
 The intervenors argue that allowing their attorneys to testify would force them to choose between two constitutional rights: their Fifth Amendment right against self-incrimination and their Sixth Amendment right to counsel. They also argue that their Fifth Amendment right would be in tension with their statutory right to an attorney-client privilege