A94A0818. BUTTS COUNTY et al. v. PINE RIDGE
RECYCLING, INC.
(445 SE2d 294)

JOHNSON, Judge.
Pine Ridge Recycling, Inc., which owns property in Butts County, applied to the Environmental Protection Division (EPD) of the Georgia Department of Natural Resources for a permit to operate a solid waste landfill on the property. Pine Ridge has been unable to obtain final approval for a permit from the EPD because Butts County has refused to give written verification that the proposed landfill is consistent with its multijurisdictional solid waste management plan. See OCGA § 12-8-24 (g). Pine Ridge filed the instant declaratory judgment and mandamus action against Butts County, its board of commissioners, and individual members of the board. The court granted partial summary judgment to Pine Ridge, finding that the proposed landfill is consistent with Butts County's solid waste management

plan and ordering the county to provide verification of such consistency to the EPD. Butts County appeals.

1. Butts County claims that the trial court erred in its interpretation of the Georgia Comprehensive Solid Waste Management Act. OCGA § 12-8-20 et seq. The trial court ruled that under the Act, Butts County must base its decision as to whether the Pine Ridge site is consistent with the county's solid waste management plan solely on environmental and land use factors. Butts County argues that the court erred in failing to rule that in addition to these factors, Butts County may also consider the negative impact the proposed site will have on its program to reduce the amount of solid waste disposed of in the county. In making this argument, Butts County relies on OCGA §§ 12-8-21 (c) and 12-8-39.1, which require that the solid waste management plan of each city or county contain a program to reduce the amount of municipal solid waste being received at its disposal facilities by 25 percent. Construing this requirement in the context of the entire Act, we find Butts County's argument to be unpersuasive.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly." OCGA § 1-3-1 (a). Here, the General Assembly's intent is plainly stated in the Act. The policy of the State of Georgia is "to institute and maintain a *comprehensive state-wide* program for solid waste management." (Emphasis supplied.) OCGA § 12-8-21 (a). Moreover, "[i]t is the intent of the General Assembly that every effort be undertaken to reduce on a *state-wide* per capita basis the amount of municipal solid waste being received at disposal facilities during fiscal year 1992 by 25 percent by July 1, 1996." (Emphasis supplied.) OCGA § 12-8-21 (c). We must construe the Act to effectuate the General Assembly's intent and give force to all the Act's provisions. *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991); *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450 (419 SE2d 489) (1992). We therefore construe the statutory requirement that local governments implement programs to reduce the solid waste received at their disposal facilities as a method both to achieve the state-wide goal of 25 percent waste reduction and to measure the rate at which waste is being reduced; it is not, contrary to Butts County's claim, a means by which local governments can refuse the presence of solid waste handling facilities. If Butts County's interpretation of the statutory scheme were correct, a county could meet the waste reduction goal simply by refusing to allow any solid waste handling facilities inside its boundaries and by shipping all its solid waste to other counties. This interpretation not only contravenes the explicit intent of the Act to have a comprehensive state-wide program, it is also illogical. Solid waste reduction cannot be achieved simply by shipping the waste elsewhere; rather, as set

forth in OCGA § 12-8-21 (b), the appropriate manner for reducing solid waste is "through *source reduction, reuse, composting, recycling,* and other methods." (Emphasis supplied.)

"Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." (Citations and punctuation omitted.) *Nat. Svcs. Indus. v. Transamerica Ins. Co.,* 206 Ga. App. 337, 339 (1) (425 SE2d 327) (1992). OCGA § 12-8-31.1 (b) plainly provides, "[t]he local, multijurisdictional, or regional solid waste plan . . . shall identify those sites which are not suitable for solid waste handling facilities *based on environmental and land use factors.*" (Emphasis supplied.) Construing this statute by its plain terms, we hold that a local jurisdiction can only identify a site as unsuitable for a solid waste facility based on environmental and land use factors, not based on the fact that such a facility might increase the amount of waste disposed of in the county.

We note that our interpretation of the Act is consistent with that of the EPD director, who is charged with primary responsibility for the state's solid waste management program. OCGA § 12-8-21 (d). In an amicus curiae brief, the director states, "OCGA § 12-8-39.1 should not be construed so as to prevent the siting of new facilities within a local jurisdiction in order to meet the 25% reduction goals. This construction would eliminate regional facilities, a centerpiece of the Act. . . . OCGA § 12-8-39.1 is intended as a tool for local jurisdictions to determine their progress toward meeting the 25% per capita reduction goal, and . . . consistency with a solid waste plan should be determined based upon environmental and land use factors, as stated in OCGA § 12-8-31.1 (b)." Although courts are not bound by the EPD director's interpretation of the Act, it is entitled to great weight and deference. See *Hosp. Auth. &c. v. State Health Planning Agency,* 211 Ga. App. 407, 408 (2) (438 SE2d 912) (1993). Giving such deference to the director's interpretation, we hold that the trial court did not err in its construction of the Act.

2. Butts County contends that the court erred in finding that it failed to demonstrate any valid land use or environmental criteria for excluding the Pine Ridge site from its solid waste management plan. The county claims that three valid criteria it relied on for excluding the site are solid waste reduction in the county, proximity of the site to an airport, and voter support of a publicly, rather than a privately, operated landfill. As already discussed in Division 1 of this opinion, Butts County's argument concerning its attempt to reduce solid waste in the county by excluding the Pine Ridge site is without merit. The county's other two claims also lack merit.

The Georgia Department of Community Affairs (DCA), in compliance with the Act, prepared the Minimum Planning Standards and

Procedures for Solid Waste Management: Local and Multijurisdictional Plans. The Minimum Planning Standards provide a list of some of the environmental and land use factors to be considered in determining whether a site is unsuitable for a solid waste handling facility. The environmental limitations include floodplains, wetlands, groundwater recharge areas, water supply watersheds, fault zones, seismic impact zones and unstable areas. The land use factors include zoning restrictions, built-up areas, distance from national historic sites, proximity to airports, distance from jurisdictional boundaries and access. In the instant case, Butts County properly raised the proximity of the Pine Ridge site to an airport as a land use factor that it must consider. The trial court, however, ruled in favor of the county on this issue. The court held that Butts County must provide verification to the EPD that the Pine Ridge site is consistent with its solid waste management plan "except as to that portion contiguous to and including [the airport] which may violate [DCA] Rule 391-3-4-05 (1) (c)." Since the trial court found that the Pine Ridge site is consistent with the Butts County plan only to the extent that it falls outside the area banned by the DCA as too near an airport, the county has shown no error.

The court also did not err in failing to find that voter support for a publicly, instead of a privately, run landfill is a valid land use or environmental factor. While it is true that public involvement should be an element of a local solid waste management plan, the DCA Minimum Planning Standards list that involvement as an element separate and distinct from the environmental and land use considerations. The DCA Minimum Planning Standards provide that the goal of public involvement is to educate residents about solid waste management in terms of littering, recycling and waste reduction. Regardless of how a local government attempts to achieve this goal, the public involvement element of the local solid waste plan clearly is not a land use or environmental factor upon which the local government can find that a proposed site is inconsistent with the plan.

3. Butts County asserts that the trial court erred in ordering it to verify to the EPD that the Pine Ridge site is consistent with its solid waste management plan. The county argues that the appropriate remedy is for the court to invalidate the plan and order the county to rewrite it properly. We disagree and find that this case is analogous to and controlled by the decision in *Tilley Properties v. Bartow County*, 261 Ga. 153 (401 SE2d 527) (1991). In that case, the appellants were unable to get a permit from EPD to operate a rock quarry because the local government, based on an illegal zoning ordinance, refused to verify that the appellants complied with the ordinance. The trial court denied the appellants' request for a writ of mandamus. The Supreme Court reversed the lower court, stating, "a condition precedent

to the issuance of the permit [by EPD] is a certificate of land use approval from the local governing authority. Without the certificate of land use approval, a surface mining permit cannot be issued, and without the surface mining permit, a quarry cannot be allowed. A 'county has the duty and obligation to work with property owners to allow them the highest and best use of their property. . . .' [Cit.] Where, as in this case, the zoning ordinance is invalid, there is no valid restriction on the property, and the appellant has the right under the law to use the property as it so desires. Because there is no other specific legal remedy for the legal right, OCGA § 9-6-20, a writ of mandamus will lie to compel the officer to issue a certificate of land use to the appellant so that it might attempt to obtain a surface mining permit." Id. at 155 (2).

In the instant case, Butts County's refusal to verify that the Pine Ridge site is consistent with its solid waste management plan is invalid. Pine Ridge has the right to use its property as a solid waste landfill so long as it complies with all the requirements of the Act, including being consistent with the Butts County plan and obtaining a permit from the EPD. OCGA § 12-8-24. Because Pine Ridge has no other specific legal remedy for protecting its right, the trial court correctly found that a writ of mandamus will lie to compel Butts County to certify that the Pine Ridge site is consistent with its multijurisdictional solid waste management plan.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1994 —
RECONSIDERATION DENIED JUNE 9, 1994 — ▮▮▮▮▮▮▮▮

*Constangy, Brooks & Smith, Gregory W. Blount, Donald W. Benson, Hemmann & Hemmann, Paul E. Hemmann,* for appellants.
*George E. Butler II, Smith, Gambrell & Russell, Stephen E. O'Day,* for appellee.