A94A0739. CROSLAND et al. v. BUTTS COUNTY BOARD OF ZONING APPEALS et al.
(448 SE2d 454)

POPE, Chief Judge.

On April 23, 1993, the Butts County Board of Zoning Appeals ("the Board") approved, subject to certain conditions, Pine Ridge Recycling, Inc.'s (Pine Ridge) request for a special exception permit to develop a solid waste landfill in Butts County. Appellant Walter Crosland filed a petition to set aside the Board's action and for mandamus against Butts County and the members of the Board of Zoning Appeals alleging, inter alia, violations of Georgia's Open Meetings Act and of certain local ordinances requiring notice to adjoining landowners. Pine Ridge was subsequently added as a party defendant to this action. The Board answered, and admitted to meeting on the special exception request without advance notice and that certain adjacent landowners were not properly notified. Pine Ridge filed a separate answer and counterclaim, and on February 18, 1993, Pine Ridge filed a motion for summary judgment contending in part that Crosland had no standing to raise the issues asserted in his petition and that although non-public meetings may have been held, no "official action" was "taken" at these meetings in violation of the Open Meetings Act.

On March 10, 1993, Trina S. Doolittle and Larry Vincent Doolittle, also appellants herein, filed their motion to intervene as plaintiffs. In their proposed intervenor complaint, the Doolittles asserted, inter alia, the Board's failure to notify them as adjoining landowners. On October 25, 1993, the trial court entered an order granting summary judgment to Pine Ridge on the basis there had been no violations of Georgia's Open Meetings Act. The trial court also denied the Doolittles' motion to intervene. Crosland and the Doolittles then filed the present appeal to this court.

1. In beginning our analysis under Georgia's Open Meetings Act, " '(w)e must bear in mind that the Open Meetings Act must be broadly construed to effect its purposes of protecting the public and individuals from closed-door meetings. (Cit.)' *Kilgore v. R. W. Page Corp.*, 261 Ga. 410, 411 (2) (405 SE2d 655) (1991). '(T)he policy of this state is that the public's business must be open, not only to protect against potential abuse, but also to maintain the public's confidence in its officials. (Cit.)' *Red & Black Pub. Co. [v. Bd. of Regents*, 262 Ga. 848, 854 (427 SE2d 257) (1993)]. '(T)he test for its applicability is two-pronged: first, is the meeting one of a "governing body of an agency" or any committee thereof?; and second, is the meeting one "at which official business or policy of the agency is to be discussed or at which official action is to be taken(?)" ' Id. at 853." *Jersawitz v. Fortson*, 213 Ga. App. 796, 798 (446 SE2d 206) (1994).

Our review of the record in this case makes it clear that a genuine issue of material fact exists as to whether the Open Meetings Act was violated at certain non-public meetings attended by members of the Board, the county attorney and others. Claude Maddox, who was chairman of the Board of Appeals at the time these meetings were held, and Paul Hemmann, the county's attorney, both averred in their affidavits that a quorum of the Board, Hemmann and the administrative assistant to the Board met prior to the March 26 and April 23 public hearings on Pine Ridge's petition. However, according to Maddox the "substantive merits" of the request were not discussed at these meetings, and he and the other Board member present "scrupulously avoided discussing that subject with one another." Maddox further averred that the decision to issue the special use permit to Pine Ridge was not in any sense "adopted, taken or made" at these preliminary meetings. In contrast to Maddox's affidavit, Hemmann averred that at these early meetings, "decisions were reached on the granting of the petition" after discussing its substantive merits and a variety of related issues. Hemmann said: "Maddox stated to me at the April 23 meeting at 6:00 p.m. that he had a list of conditions he intended to impose on the Pine Ridge permit. He proposed to read these out to [Board member] Payne and me for comment and did so. He stated he had decided the Pine Ridge petition should be approved with these

conditions. He asked Payne if he had any others to add. Payne indicated that he agreed with Maddox's list of conditions and did not have anything to add or change. The issue, for all intents and purposes, had been decided."

The foregoing, as well as other evidence of record, demonstrates a conflict as to what action was or was not taken at the non-public meetings on Pine Ridge's petition for a special use permit. Indeed, in its brief on appeal the Board acknowledges that "a factual conflict existed below as to what was or was not decided at nonpublic meetings." Although the dissent is correct that simply discussing the permit application at the non-public meetings would not result in invalidation of its approval, Hemmann stated in his affidavit that the decision to grant the special use permit was "announced" at the public meeting after "decisions were reached on the granting of the petition" at the non-public meetings. Stated another way, the conflicting evidence suggests the petition may have been "acted on" by the "officials" charged with taking the "official action" at these non-public meetings. The trial court thus erred in granting Pine Ridge's motion for summary judgment on this issue.

2. The plaintiffs also contend that the trial court erred in denying the Doolittles' motion to intervene, and in failing to address a motion to strike an affidavit filed by Pine Ridge which pertained to the motion to intervene. Our review of the trial court's order shows that its denial of the motion to intervene was based on its finding that there had been no Open Meetings Act violation. Having determined that the grant of summary judgment on that issue was improper, it becomes necessary to consider whether the motion to intervene should be granted under OCGA § 9-11-24. Because the decision concerning the grant or denial of a motion to intervene requires the trial court to make certain factual determinations, see *Southwest Ga. Prod. Credit Assn. v. Wainwright*, 241 Ga. 355, 356 (2) (245 SE2d 306) (1978), the trial court is directed upon remand to consider whether the Doolittles' motion to intervene should be granted under either OCGA § 9-11-24 (a) (intervention of right) or OCGA § 9-11-24 (b) (permissive intervention).

*Judgment reversed and case remanded with direction. McMurray, P. J., Beasley, P. J., Blackburn, J., and Senior Appellate Judge Harold R. Banke concur. Birdsong, P. J., Andrews, Johnson and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I agree that a factual conflict exists in this case. Unlike the majority, however, I do not believe we may end our analysis there. We must also determine whether the conflict in the evidence is material and whether appellees were entitled to judgment as a matter of law.

Further analysis leads me to conclude that the factual conflict is not material and that appellees are entitled to judgment. Therefore, I respectfully dissent.

OCGA § 50-14-1 et seq., commonly known as the Open Meetings Act, originally provided only that meetings "at which official actions are to be taken" must be public. Ga. L. 1972, p. 575, § 1. The Act was amended in 1982 to include in the category of meetings that must be opened to the public those "at which proposed official action is to be discussed." Ga. L. 1982, pp. 1810, 1811, § 1. That is the law applicable to this action. OCGA § 50-14-1 (a) (2). There is no doubt, therefore, that if the permit was "discussed" at the closed meetings the Act was violated.

That does not necessarily mean, however, that the fact issue regarding whether or not the permit application was discussed at the closed meetings is determinative of the outcome of this case. In fact, a careful reading of OCGA § 50-14-1 (b) leads me to the conclusion that resolution of this fact issue is irrelevant to the outcome of this lawsuit.

The plaintiffs in this action seek to invalidate the approval of the permit under OCGA § 50-14-1 (b). That statute provides only that "[a]ny resolution, rule, regulation, ordinance, or other official action of an agency adopted, taken, or made at a meeting which is not open to the public as required by this chapter shall not be binding." Since it is undisputed that the resolution, which is the "official action" taken here, was passed at an open meeting, after public hearings, it would not be invalidated because of any discussion about it at the prior closed meetings.

The majority glosses over this undisputed fact, finding that Hemmann's affidavit, which "suggests" the petition "may have been 'acted on,'" at least "de facto," at a closed meeting, is sufficient to create a material issue of fact.

I cannot agree. Although Hemmann may state what he knows took place at the closed meetings, any implication that those discussions were "de facto decisions" and therefore the real "official action" is merely conclusory. As such, it is insufficient to create an issue of fact. " '(I)t is clearly the law that . . . affidavits containing mere legal conclusions . . . present no issues of fact on a motion for summary judgment. An affidavit in contravention of a motion for summary judgment must state more than mere conclusions; it must state specific adverse facts.' [Cit.]" *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879-880 (1) (b) (354 SE2d 204) (1987).

Hemmann's conclusions are not even correct. Regardless of what transpired at the closed meetings, labelling the decision granting the permit at the open meeting an "announcement" cannot change its character. It was the "official action" taken. "Official action is action

which is taken by virtue of power granted by law, or by virtue of the office held, to act for and in behalf of the State." *McLarty v. Bd. of Regents*, 231 Ga. 22 (200 SE2d 117) (1973) (construing Open Meetings Act). Any group may hold a discussion. Only those groups exercising the granted power to act on behalf of the State may take "official action." Regardless of their nature, the discussions at the closed meetings had no official authority and did not constitute "official action." It was necessary to pass the resolution.

I realize the sensitive and important nature of the matters allegedly discussed at the closed meetings. The Act does provide for a remedy for a violation such as that alleged here: an injunction could have issued prohibiting further closed meetings. OCGA § 50-14-5 (a). Penalties may be imposed. OCGA § 50-14-5 (b). The Act simply does *not* provide for invalidating the permit unless the "official action" was taken at a closed meeting.

If this seems harsh, the legislature must act to ease the burden. "In 1848, this court held that '[t]he current of authority in this country, at least at the present day, is in favor of reading [s]tatutes according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation.' [Cit.] This principle remains intact today." *Earth Mgmt. v. Heard County*, 248 Ga. 442, 444 (283 SE2d 455) (1981). OCGA § 50-14-1 (b) is plain on its face. It expressly authorizes invalidation only when the "official action" was taken at a closed meeting in violation of the statute. It is plain and unambiguous and capable of only one construction; this court has no authority to place a different construction upon it. *Regency Nissan v. Taylor*, 194 Ga. App. 645, 648 (3) (391 SE2d 467) (1990).

No court would be authorized to invalidate the permit even if the factual question is resolved by determining that the permit was discussed at the prior closed meetings, violating the Act. Appellees were therefore entitled to judgment as a matter of law on this issue. This also renders moot the issues raised by appellants in their remaining enumerations of error. Consequently, I would affirm the judgment below.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews and Judge Johnson join in this dissent.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 —

*Wright & King, Judy C. King*, for appellants.
*William A. Fears, Huddleston & Medori, Kathryn M. Zickert, George E. Butler II, Smith, Gambrell & Russell, Stephen E. O'Day,*

for appellees.