**PINE RIDGE RECYCLING, INC., et al., Plaintiffs,**

v.

**BUTTS COUNTY, GEORGIA, et al., Defendants.**

**Civ. A. No. 93–426–2–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

Jan. 20, 1995.

**1384**

Stephen E. O'Day, Clark G. Sullivan, and George E. Butler, II, Atlanta, GA, for plaintiffs.

Joseph R. Cullens, Jack N. Sibley, H. Lane Young, II; and Nickolas P. Chilivis, Atlanta, GA, for defendants.

## ORDER

OWENS, Chief Judge.

Before the court are defendants' combined motions to stay injunctions pending appeal and to certify earlier evidentiary orders for interlocutory appeal. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

## I. BACKGROUND FACTS

The facts pertinent to these motions are as follows. In December 1993, plaintiffs filed their complaint in this court, alleging among other things that defendants had violated antitrust laws. In January 1994, this court held a hearing on plaintiffs' motion for a preliminary injunction. After the hearing, the parties were to conduct limited discovery to better define the product and geographic markets. In early February 1994, the court set forth deadlines applicable to this discovery: by March 17, 1994 all affidavits were to be submitted to opposing parties, and by May 2, 1994 all depositions and discovery were to be completed pertaining to the preliminary injunction motion.

However, it appeared to defendants that, after the exchange of affidavits on March 17, it was necessary for them to submit evidence from an economic expert, Dr. McFarland. The court allowed defendants additional time in which to file Dr. McFarland's affidavit, and appropriately extended the May 2 deposition deadline to May 25 for the sole purpose of allowing plaintiffs the opportunity to depose him.

Soon thereafter, on April 29, the court altered the deadline for "all discovery" to May 13. The court, although mindful of the urgency surrounding this motion for a preliminary injunction, found that "[b]y extending the deadline and having *all discovery due simultaneously,* neither party has an unfair advantage." (emphasis added). A briefing schedule for plaintiffs' motion for a preliminary injunction was also established by the same order: plaintiffs' brief in support was due by May 19, defendants were to respond by May 26, and plaintiffs had until June 2 to reply. The April 29 Order also allowed defendants the opportunity to submit a second rebuttal affidavit by Dr. McFarland if plaintiffs' did not avail themselves of the chance to depose him.

Sometime prior to the May 13 deadline for all discovery, defendants became aware that plaintiffs would not be deposing Dr. McFarland. Indeed, plaintiffs chose to respond to Dr. McFarland by way of submitting their own expert's affidavit on May 13, the discov-

ery deadline. Defendants, rather than seeking clarification or even an extension of time from the court, elected to wait until the briefing schedule had commenced to submit Dr. McFarland's supplemental affidavit. Defendants did not submit Dr. McFarland's supplemental affidavit until after they had filed *their response brief.*

On August 16 and 22, the court granted plaintiffs' respective motions to strike Dr. McFarland's supplemental affidavit and to exclude portions of defendants' appendix. The principle grounds upon which these evidentiary orders were decided were defendants' persistent dilatory conduct and blatant indifference towards the court's briefing schedule. Every effort had been made at allowing both sides all opportunities to present their case to the court, while simultaneously respecting the urgency with which the preliminary injunction motion had been brought. And defendants were made fully aware through the court's prior orders of the court's concerns. To have countenanced such late submissions would have not only severely prejudiced plaintiffs, but also wasted judicial resources in forcing further extensions in discovery deadlines and readjustments in the briefing schedule, which had already begun by that time.

The court granted plaintiffs' preliminary injunction motion on September 15, 1994, 864 F.Supp. 1338, and ordered defendants to show cause why that injunctive relief should not be broadened to include other requirements. Defendants appealed the September Order on October 14, 1994. In early December the court found defendants had not shown cause, and accordingly expanded the scope of injunctive relief. Defendants amended the October notice of appeal to include the December Order as well. Both the September and December Orders are currently before the Eleventh Circuit Court of Appeals.

At the same time as these events were unfolding in federal court, two other state court actions were proceeding. In *Butts County, Georgia v. Pine Ridge Recycling, Inc.,* 213 Ga.App. 510, 445 S.E.2d 294 (1994) (reconsideration denied June 9, 1994) (*Butts II* ), Butts County (defendants herein) unsuc-

cessfully challenged the trial court's grant of a mandamus requiring them to "certify that the Pine Ridge site is consistent with its multijurisdictional solid waste management plan." In reaching its decision in *Butts II,* the Georgia Court of Appeals was forced to consider land use criteria. And in *Crosland v. Butts County Bd. of Zoning Appeals,* 214 Ga.App. 295, 448 S.E.2d 454 (1994) (*Crosland* ), Butts County (defendants therein) conceded that they had violated the Georgia Open Meetings Act in the course of granting Pine Ridge a special exception zoning permit, thereby causing the Georgia Court of Appeals to reverse the trial court's grant of summary judgment to intervening defendants Pine Ridge.

## II. DISCUSSION

### A. Defendants' Motion for Certification of Evidentiary Orders

■ The court first considers defendants' motion for certification of this court's evidentiary orders (dated August 16 and 22, 1994) for appeal to the Eleventh Circuit. Those orders excluded evidence proffered by defendants prior to this court's issuance of a preliminary injunction on September 15, 1994, which is currently being appealed by defendants. Defendants now claim that it was error for this court not to consider that evidence in making its decision regarding the preliminary injunction.

For these orders to be certified as appealable under § 1292(b), they must (1) involve a controlling question of law, as to which (2) there is a substantial ground for difference of opinion, and (3) an appeal must advance the termination of the litigation. 28 U.S.C. § 1292(b). The court finds that the evidentiary orders speak for themselves: controlling questions of law are not implicated by these orders nor do substantial grounds for difference of opinion exist.

Controlling questions of "law" had absolutely nothing to do with the subject orders. Defendants have only their own dilatory conduct to blame for the exclusion of this evidence. *See also infra* note 3. The court's August 16 Order excluded defendants' supplemental expert affidavit on account of defendants' inexcusable delay, which "clashe[d] with the court's stated purposes" of affording neither side an unfair advantage. *See* Or-

ders of April 29, 1994 and August 16, 1994. In regard to the August 22 Order, defendants were given the opportunity to show cause why the challenged portions of their belatedly filed appendix should not be excluded. The court found that cause had not been shown—any other ruling would have been prejudicial to plaintiffs. *See* Order of August 22, 1994.

Since delay and prejudice provide the underlying rationale for the evidentiary orders in question, it cannot be said that controlling questions of law are implicated. Further, no difference of opinion exists—as the August 16 Order states, "Instead of seeking clarification of the court's order, defendants took a gamble and delayed submitting an affidavit until two days before plaintiffs' reply brief was due." Defendants lost on their gamble. Accordingly, defendants' motion to certify evidentiary orders for immediate appeal is **DENIED.**

### B. Defendants' Motion for Stay of Preliminary Injunction

■■■■ The court next considers defendants' motion to stay the preliminary injunction issued by it on September 15, 1994 [1] and amended by order of December 2, 1994.[2] Defendants initially direct the court to Federal Rule of Civil Procedure ("FED.R.CIV.P.")

62(c), which provides: "When an appeal is taken from an interlocutory or final judgment granting ... an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." The court should inform its discretion by consideration of the following factors: (1) the movant's likelihood of success on appeal, (2) the potential for irreparable injury to the movant in the absence of a stay, (3) whether a stay would substantially harm other parties, and (4) whether the stay serves the public interest. *See In re Federal Grand Jury Proceeding (Cohen),* 975 F.2d 1488, 1492 (11th Cir. 1992) (factors referred to by appellate court when considering same request). And a stay of an injunction should first be sought at the district court level. FED.R.APP.P. 8(a).

Defendants claim that they shall suffer irreparable harm in the absence of an order staying the court's injunction because once a permit issues from EPD, they are incapable of preventing the landfill's construction even if they win all subsequent legal battles. Defendants also charge that harm befalls them as they are prevented from fulfilling their duty as public servants. Notwithstanding the court's clear statement that defendants

---

1. The September Order, having found a substantial likelihood that plaintiffs would prevail against defendants on the basis of antitrust claims, and finding irreparable injury through the unavailability of money damages against these municipal defendants, granted plaintiffs the following injunctive relief:

   (1) Defendants are enjoined from taking any action to further interfere, delay, or obstruct the EPD permitting process for Pine Ridge's landfill in Butts County;

   (2) Defendants are enjoined from casting any further doubt, through verbal or written communications, on the viability or chances for success of Pine Ridge's application for an EPD permit;

   (3) Defendants are enjoined from entering any contract for disposal of solid waste which exceeds 6 months in length or which contemplates disposal of solid waste after 6 months from the date of its signing;

   (4) Defendants are required to conduct a public hearing in accordance with O.C.G.A. § 12–8–24(e)(2);

   (5) Defendants are further required to inform Georgia EPD by letter or other suitable means that

    (a) the Pine Ridge site is consistent with the Butts County Solid Waste Plan; and
    (b) that the Pine Ridge site complies with local zoning ordinances.

*Pine Ridge Recycling, Inc. v. Butts County, Georgia,* 864 F.Supp. 1338, 1344–45 (M.D.Ga.1994). The September Order also required plaintiffs to post security in the amount of $50,000. For a similar order in the municipal waste disposal context that was tested on appeal, *see GSW, Inc. v. Long County, Georgia,* No. CV292–54, 1992 WL 535401 (S.D.Ga. June 30, 1992), *aff'd,* 999 F.2d 1508, 1519 (11th Cir.1993).

2. The December Order amended the September Order "to include a requirement that defendants certify to the EPD that plaintiffs' proposed site is in compliance with local land use ordinances." *Pine Ridge Recycling, Inc. v. Butts County, Georgia,* C.A. 93–426–2–MAC, slip op. at 17 (M.D.Ga. Dec. 2, 1994). That order was issued as an amendment to the September Order to allow simultaneous consideration by the Eleventh Circuit.

are not precluded from enforcing ordinances not affecting land use outside of the context of the EPD approval process, defendants cite their inability to enforce their "Litter Control" and "Cemetery" ordinances as specific examples of the injunction's interfering with the observance of their public duty. Defendants have not been so precluded nor will defendants be harmed in the ways they claim. The December Order explicitly states: "The County is therefore free to enforce [the Litter Control and Cemetery ordinances] outside the context of the EPD approval process." December Order, at 17 n. 13. *See also GSW, Inc. v. Long County, Georgia,* 999 F.2d 1508, 1519 (11th Cir.1993).

Defendants next contend that lifting the injunction during the pendency of the appeal will not harm plaintiffs. The court felt that it had made its feelings as clear as possible when it stated in its order of November 10, 1994, "The court does not subscribe to defendants' view that any delay at this point will not harm plaintiffs." Although the court made that remark in the context of defendants' attempted delay at compliance with the September Order, it applies with equal force at this time and in this context.

Defendants also raise the banner of public interest in their effort to have the injunction stayed pending appeal. Conclusion of Law number 13 in the court's September Order entirely refutes this: "[A]n injunction will have no detrimental effect on the public. The public interest is served by having safe and low-cost solid waste disposal facilities. An injunction will allow for competition in the solid waste disposal market and will likely lower prices in that market." *Pine Ridge Recycling,* 864 F.Supp. at 1342. *Accord GSW, Inc.,* 999 F.2d at 1519.

Finally, the court must consider defendants' argument that they have demonstrated a substantial case on the merits warranting appeal. This amounts to nothing more than a motion for reconsideration, which if it were the court would deny. Defendants principally rely upon the court's statement in the December Order to the effect that the court, in reaching its decision, had relied on a statement made in a brief that defendants had withdrawn.[3] Defendants will note that the court qualified its reliance by stating that it was "the making of the statement, rather than its substance, which affect[ed] the court's judgment." December Order, at 17 n. 13. The court did not rely upon erroneous assumptions.

Defendants' motion to stay the injunction pending the appeal is **DENIED**.

**SO ORDERED.**

---

**3.** The question addressed by the December Order was whether defendants should also be required to certify compliance with "local land use ordinances" to Georgia's Environmental Protection Division ("EPD"). Defendants specifically identified the Litter Control and Cemetery ordinances as "land use ordinances" with which plaintiffs needed to comply. Defendants had previously stated in a brief that "[t]he issue of whether Pine Ridge must comply with these ordinances is currently before the Georgia Court of Appeals in Butts II." This statement was removed, however, when defendants filed a substitute brief on June 13, 1994. Defendants claim that because this statement was retracted, the court's December Order, which relied on the making of this statement, is "based on an erroneous assumption."

However, a closer reading of the order reveals that it was "the making of this statement, rather than its substance, which affect[ed] the court's judgment." December Order, at 17 n. 13. Up to June 13, 1994, defendants were claiming that "[t]he issue of whether Pine Ridge must comply with [the Litter Control and Cemetery] ordinances is currently before the Georgia Court of Appeals...." Defendants' retraction of this statement by filing a substitute brief on June 13, 1994 would seem an innocuous act unless one is made aware of the state of affairs in concurrent state court proceedings. On June 9, 1994, the Georgia Court of Appeals, before whom defendants at first argued the land use compliance issue was pending, denied reconsideration of a decision wholly adverse to Butts County, the losing party on appeal. *Butts County v. Pine Ridge Recycling, Inc.,* 213 Ga.App. 510, 445 S.E.2d 294 (1994) (*Butts II*). Only then, no more than four days after losing on the issue in *Butts II,* did defendants choose to file a substitute brief suddenly claiming the issue of compliance with land use ordinances was before this court.

This is typical of defendants' actions thus far, which represent more of an attempt at operating a "shell game" than with conducting themselves in a manner consistent with minimum standards of professionalism. The court will simply not countenance continued actions along these lines. *See* Fed.R.Civ.P. 11(c)(1)(B); Fed.R.Civ.P. 11(b).