**Robert C. TOUCHSTON, Deborah Shepperd, et al., Plaintiffs–Appellants,**

v.

**Michael McDERMOTT, in his official capacity as a member of the County Canvassing Board of Volusia County, Ann McFall, in her official capacity as a member of the County Canvassing Board of Volusia County, et al., Defendants–Appellees.**

No. 00–15985.

United States Court of Appeals, Eleventh Circuit.

Nov. 17, 2000.

James Bopp. Jr., Bopp, Coleson & Bostram, Terre Haute, IN, for Plaintiffs–Appellants.

Beverly A. Pohl, Ft. Lauderdale, FL, Andrew James McMahon, Leonard Berger, West Palm Beach, FL, Bruce Rogow, Bruce S. Rogow, P.A., Fort Lauderdale, FL, Teresa Wynn Roseborough, John H. Fleming, James A. Orr, Allegra J. Lawrence, Carey P. DeDeyn, C. Francis Whitaker, III, Sutherland, Asbill & Brennan, L.L.P., Atlanta, GA, for Defendants–Appellees.

Before ANDERSON, Chief Judge, and TJOFLAT, EDMONDSON, COX, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

BY THE COURT:

On November 13, 2000, Robert C. Touchston, Diana L. Touchston and Deborah Shepperd (hereinafter "Plaintiffs"), registered voters in Brevard County, Florida, filed a verified complaint and a Motion for a Temporary Restraining Order and/or Preliminary Injunction in the district court for the Middle District of Florida. The

Plaintiffs sued members of the Florida Elections Canvassing Commission, Florida's Secretary of State, and members of the County Canvassing Boards of Volusia, Palm Beach, Broward and Miami–Dade Counties (hereinafter "Defendants") alleging the unconstitutionality of Florida Statute § 102.166(4) (West Supp.2000). The district court heard oral argument on the Motion on November 14, 2000, and Plaintiffs' request for a preliminary injunction was denied. The Plaintiffs then made an oral motion asking the district court to issue an injunction pending appeal. This request was denied. After the hearing concluded, on November 14, 2000, the Plaintiffs filed a notice of appeal.

In light of the subject matter of this case and the need for expedition, the documents in this case were lodged in this Court as they were filed in the district court, and, pursuant to Federal Rule of Appellate Procedure 35, this Court ordered that this case be heard initially en banc. *See Hunter v. United States,* 101 F.3d 1565, 1568 (11th Cir.1996) (en banc); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

On appeal, the Plaintiffs have filed an emergency motion for an injunction pending appeal, asking this Court to enjoin the Defendants from conducting manual ballot recounts and/or to enjoin the Defendants from certifying the results of the Presidential election which contain any manual recounts. In this order, we address only this motion. This Court has carefully considered the Emergency Motion for Injunction

Pending Appeal, as well as the other documents filed, has conferred en banc on several occasions, and has decided that a prompt decision on the Emergency Motion for Injunction Pending Appeal was required in these circumstances.

■ For this Court to grant the extraordinary remedy of an injunction pending appeal, the petitioners must show: (1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the intervenors unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *See In re Federal Grand Jury Proceedings,* 975 F.2d 1488, 1492 (11th Cir.1992); *MacBride v. Askew,* 541 F.2d 465 (5th Cir.1976).

■ After expeditious but thorough and careful review, we conclude that the Emergency Motion for Injunction Pending Appeal should be denied without prejudice. Several factors lead us to this conclusion. Both the Constitution of the United States[1] and 3 U.S.C. § 5[2] indicate that states have the primary authority to determine the manner of appointing Presidential Electors and to resolve most controversies concerning the appointment of Electors. The case law is to the same effect, although, of course, federal courts may act to preserve and decide claims of violations of the Constitution of the United States in certain circumstances, especially where a state remedy is inadequate. In this case, the State of Florida has enacted detailed election dispute procedures.

1. Article II, Section 1 of the Constitution provides in relevant part:
   Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress. . . .

2. 3 U.S.C. § 5 provides:
   If any State shall have provided, by laws enacted prior to the day fixed for the appointment of the electors, for its final determination of any controversy or contest concerning the appointment of all or any of the

electors of such State, by judicial or other methods or procedures, and such determination shall have been made at least six days before the time fixed for the meeting of the electors, such determination made pursuant to such law so existing on said day, and made at least six days prior to said time of meeting of the electors, shall be conclusive, and shall govern in the counting of the electoral votes as provided in the Constitution, and as hereinafter regulated, so far as the ascertainment of the electors appointed by such State is concerned.

These procedures have been invoked, and are in the process of being implemented, both in the form of administrative actions by state officials and in the form of actions in state courts, including the Supreme Court of Florida. It has been represented to us that the state courts will address and resolve any necessary federal constitutional issues presented to them, including the issues raised by Plaintiffs in this case. *See* LePore, Burton and Roberts' Response to Emergency Motion for Injunction Pending Appeal, App. A at 3 ("[T]he Plaintiffs, should they be dissatisfied with the results of the recount in Palm Beach County, have a state court remedy that can address any constitutional, statutory, or equitable issue that they wish to assert"); Response of Intervenor Appellee the Florida Democratic Party in Opposition to Appellants' Emergency Motion for Injunction Pending Appeal at 14 ("adequate relief is plainly available to Plaintiffs in state court"); *see also* Fla.Stat. § 102.168(3)(e) (West Supp. 2000) ("The grounds for contesting an election under this section are: ... Any other cause or allegation which, if sustained, would show that a person other than the successful candidate was the person duly nominated or elected...."). If so, then state procedures are not in any way inadequate to preserve for ultimate review in the United States Supreme Court any federal questions arising out of such orders.

Based on a thorough review of events as they now stand, we cannot conclude that Plaintiffs have demonstrated a substantial threat of an irreparable injury that would warrant granting at this time the extraordinary remedy of an injunction pending appeal, and thus at this time we need not address the likelihood of success on the merits; nor do we address now the merits of the underlying appeal. Accordingly, the Emergency Motion for Injunction Pending Appeal is

DENIED WITHOUT PREJUDICE.