[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15847
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-01929-PGB-GJK

CHARLES E. WOIDE,
SUSANNAH C. WOIDE,

Plaintiffs-Appellants,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
CHOICE LEGAL GROUP, P.A.,
BURR & FORMAN LLP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2017)

Before MARCUS, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Charles E. Woide and Susannah C. Woide, proceeding *pro se*,[1] appeal the district court's dismissal of their complaint alleging claims under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1616, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Florida Consumer Collections Practices Act (FCCPA), Fla. Stat. §§ 559.55-559.785.  The Woides contend the district court erred in dismissing their case for failure to state a claim against the defendants Federal National Mortgage Association (Fannie Mae), Choice Legal Group, P.A., and Burr & Forman LLP.  The Woides assert several issues on appeal, which we address in turn.  After review,[2] we affirm the district court.

## I.  CONSUMMATION AND RESCISSION

The Woides' claims rely on the premise they rescinded their mortgage obligations based on rights granted by the TILA and the defendants acted wrongfully by trying to enforce the mortgage obligation.  The Woides argue the district court erred by concluding they consummated a note and mortgage transaction concerning their property in 2007, their right to rescind those

---

[1] We liberally construe *pro se* pleadings.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  We also liberally construe *pro se* briefs.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  We review *de novo* the district court's ruling or lack of a ruling as to whether collateral estoppel (issue preclusion) applies.  *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1328 (11th Cir. 2003).  Whether *res judicata* (claim preclusion) applies is a question of law that we review *de novo*.  *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

2

obligations under TILA ended in 2010, and their alleged notice of rescission could not rescind their mortgage obligation in 2015.

Congress enacted TILA in 1968, as part of the Consumer Credit Protection Act, Pub.L. No. 90-321, 82 Stat. 146 (1968) (codified as amended at 15 U.S.C. §§ 1601-1616), "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Regulation Z implements requirements under the TILA. *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004); 12 C.F.R. § 226.1(a). Specifically, Regulation Z notes that "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(13).

Consummation occurs when a consumer signs the offered contract, not when that contract becomes binding under state law. *See Bragg*, 374 F.3d at 1066-68. In *Bragg*, we reversed the dismissal of a TILA claim where the defendant car dealer argued the plaintiff buyer never consummated a transaction during which the dealer had allegedly violated the TILA. *Id.* at 1062-63, 1068. On appeal, the buyer argued the credit agreement was consummated when he signed retail installment contracts and not when the title to the cars passed to him or when the parties formed a bilateral contract. *Id.* at 1062, 1066. This Court agreed, and noted:

> [T]he point at which the consumer . . . commits himself or herself to the purchase of credit, without regard for the degree of commitment of the lender . . . [is the point at which] the consumer becomes vulnerable to actual damage from the lender's inadequate or deceptive disclosures, for at this time he or she can be contractually bound to the terms of the lending contract at the option of the lender.

*Id.* at 1066 (alterations in original and quotation omitted).

Further, "consummation can encompass unfunded financing agreements." *Id.* The transaction was consummated when the plaintiff obligated himself to purchasing credit by signing the retail installment contracts. *Id.* at 1068. "In a financing agreement containing a condition precedent where the condition of obtaining financing is within the exclusive control of the seller and third-party lender, consummation occurs when the consumer signs the contract." *Id.* While state law should govern when the consumer becomes contractually obligated, "it has nothing whatsoever to do with how the transaction is to be characterized for TILA purposes; that question is governed by federal law." *Id.* at 1065-66 (alteration and quotation omitted).

Under the TILA, a borrower can rescind an obligation by notifying the creditor about the intent to rescind. *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1139 (11th Cir. 1992). With some exceptions related to agency enforcement, the right to rescind "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410,

4

411-12 (1998) (holding the defendant could not raise the right to rescind as part of an affirmative defense in a collection action that occurred more than three years after consummation).

The district court did not err in dismissing the amended complaint because the Woides failed to state a claim under the TILA, the FDCPA, or the FCCPA. Each of the Woides' claims relied on allegations the defendants did not have the right to enforce obligations under the note and mortgage—both because the parties allegedly did not consummate the 2007 loan transaction and because the Woides rescinded their obligations in the April 2015 notice. But the district court correctly concluded the loan transaction was consummated in 2007 and the right to rescind obligations expired three years later in 2010, which meant the Woides could not rescind their mortgage obligations in 2015. The Woides consummated the transaction for TILA purposes when they became contractually obligated on the note and mortgage by signing those documents in 2007. *See Bragg*, 374 F.3d at 1068. To the extent the Woides argue a contract was never formed under Florida law, these contentions confuse the question: as we have recognized, whether a contract was formed under Florida law is irrelevant to whether consummation has occurred under the TILA. *See Bragg*, 374 F.3d at 1066. Ultimately, the Woides became obligated under the note and mortgage by signing the documents in 2007 and their attempted rescission in 2015 was not effective.

5

## II.  RES JUDICATA AND COLLATERAL ESTOPPEL

The Woides assert the district court erred in failing to adopt the state court's 2015 conclusion that the note and mortgage were not consummated.  They contend the district court ignored the state court judgment and violated both res judicata and collateral estoppel principles.

When a party relies on the *res judicata* effect of a state court judgment, then we will apply the law of the state court.  *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).  Under Florida law, *res judicata* applies where there is: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made."  *Fla. Bar v. St. Louis*, 967 So. 2d 108, 119 (Fla. 2007) (quotation omitted).  In addition, it is a general rule that *res judicata* requires a final judgment on the merits.  *See Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006) ("The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated.").

Where a party relies on a state court judgment for collateral estoppel purposes, then we will apply the law of the state court that entered the judgment.  *In re St. Laurent*, 991 F.2d 672, 675-76 (11th Cir. 1993).  Collateral estoppel

6

prevents the same parties from relitigating the same issues that were litigated and actually decided in a second suit involving a different cause of action. *Phillip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 433 (Fla. 2013). We will give preclusive effect to the state court judgment, provided that the state court would do the same, the parties in the state case fully and fairly litigated their claims, and the state proceedings satisfied due process requirements. *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1329 (11th Cir. 2003). "In Florida, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1036 (11th Cir. 2014) (quotations omitted).

The district court did not err by failing to apply res judicata or collateral estoppel to the state court's July 2015 order about the consummation issue. Construed liberally, the Woides have preserved the issue, but they have not shown the elements of *res judicata* or collateral estoppel are met in this case. They have failed to provide information about the July 2015 order and the case out of which it arose that would allow us to determine that the doctrines apply. They have included nothing but the one-page order granting their motion for summary judgment against a non-party to this case. As to *res judicata*, they fail to show that the state court order was a final judgment on the merits. *See Engle*, 945 So. 2d at

7

1259.  Nor do they show that the parties in this case and the prior case were identical or that this case and the prior case involved the same causes of action. *See Fla. Bar*, 967 So. 2d at 119.

Collateral estoppel also does not apply with respect to the state court order because the Woides also fail to offer enough information to show that the elements are satisfied for this doctrine.  They do not show the consummation issue was identical in the state court case and in this case or show that the issue "was actually litigated."  *See Winn-Dixie Stores, Inc.*, 746 F.3d at 1036.  At the district court level and on appeal, the Woides also failed to assert that Fannie Mae was a party to the state court lawsuit when the state court entered the judgment.  *See Quinn*, 330 F.3d at 1330 (noting parties must be identical or in privity with the parties to the prior proceeding for collateral estoppel to apply).  Notably, the copy of the state court order the Woides submitted did not list Fannie Mae as a party in the case caption or anywhere else on the document.  Nor do the Woides argue Fannie Mae was in privity with a party to the state court proceeding at the time the court entered its order.  *See Quinn*, 330 F.3d at 1330 (noting non-party was in privity with a party when it was virtually represented by that party).  Finally, it appears the 2015 order could not apply against the defendants for collateral estoppel purposes because it was not a final judgment.  *See Winn-Dixie Stores, Inc.*, 746 F.3d at 1036 (noting Florida collateral estoppel requires that "a final decision has been rendered

8

by a court of competent jurisdiction"); *Stogniew v. McQueen*, 656 So. 2d 917, 919 (Fla. 1995) (noting collateral estoppel precludes the relitigation of issues decided by a valid judgment).

### III.  DISMISSAL WITH PREJUDICE

The Woides contend the district court erred by dismissing their case with prejudice without granting them leave to amend the complaint.  We have held that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part with respect to counseled plaintiffs by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc).  If a plaintiff cannot state a claim under a more carefully drafted complaint, the district court may dismiss the case with prejudice without an opportunity to amend.  *Id.*

The district court did not err in dismissing the case with prejudice without granting leave to amend because a more carefully drafted complaint would not have stated a claim against the defendants.  *See Bank*, 928 F.2d at 1112.  In particular, in their motion for reconsideration, the Woides did not argue they would bring a claim without relying on the allegation their transaction was unconsummated or they later rescinded their obligations.  The district court also did not abuse its discretion by denying the motion for reconsideration because the

9

Woides only rehashed the same arguments they used for their responses to the motions to dismiss.  *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (reviewing the denial of a motion for reconsideration for an abuse of discretion);  *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (noting a party may prevail on a motion for reconsideration by showing "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice").

## IV.  CONCLUSION

The Woides have failed to show the district court erred in dismissing their case for failure to state a claim because they relied only on the alleged wrongful act that the defendants attempted to enforce a mortgage obligation that either had not been consummated or had been rescinded.  The court correctly concluded the loan and mortgage transaction was consummated in 2007, the right to rescind the mortgage obligation expired in 2010, and the Woides failed in attempting to rescind the obligation in 2015.  Without alleging wrongful acts by the defendants that did not rely on the assumption the loan transaction was not consummated or the mortgage obligation was rescinded, the Woides could not bring TILA, FDCPA, or FCCPA claims.  Thus, we affirm the district court.

**AFFIRMED.**

10