[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10776
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01484-RBD,
Bkcy No. 6:10-bkc-22841-KSJ

In Re: CHARLES E. WOIDE,
         SUSANNAH CLARE WOIDE,

                                                    Debtors.
_____

CHARLES E. WOIDE,
SUSANNAH CLARE WOIDE,

                                                    Plaintiffs - Appellants,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                                                    Defendant - Appellee.

_____

No. 17-10777
Non-Argument Calendar
_____

D.C. Docket No.  6:16-cv-01524-RBD,
Bkcy No. 6:10-bkc-22841-KSJ

In re: CHARLES E. WOIDE,
          SUSANNAH CLARE WOIDE,

                                        Debtors.
_____

CHARLES E. WOIDE,
SUSANNAH CLARE WOIDE,

                                        Plaintiffs - Appellants,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                                        Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 5, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

2

In this case, the bankruptcy court reopened the bankruptcy case of Charles and Susannah Woide upon a motion by the Federal National Mortgage Association seeking surrender of the Woides' home.  The Woides appealed this decision to the district court, which affirmed the bankruptcy court.  The Woides then moved for reconsideration, which the district court denied.  In Case Number 17-10776, the Woides, proceeding *pro se*, appeal the denial of their motion for reconsideration. In Case Number 17-10777, the Woides appeal the initial bankruptcy judge's failure to rule on their motion for reconsideration of his order of recusal, challenge the denial of their motion for stay pending appeal, and contest the bankruptcy court's jurisdiction.  Because these two appeals arise out of related orders in the same bankruptcy proceeding and involve identical parties, we consolidate them for decision.  After careful consideration, we affirm in all respects.

**I**

The Woides first challenge the bankruptcy court's order reopening the bankruptcy case and ordering them to surrender their home under 11 U.S.C. § 521(a) (the "order reopening the case").  They advance four primary arguments on appeal: (1) that the Federal National Mortgage Association ("Fannie Mae") lacked standing to reopen the case; (2) that the bankruptcy court erred in granting Fannie Mae's motion to reopen; (3) that Fannie Mae's motion should be barred by laches;

3

and (4) that Fannie Mae's motion should be denied because of alleged misconduct and misrepresentations to the court.  We are not persuaded. [1]

In bankruptcy cases, we sit as a "second court of review" and "examine[ ] independently the factual and legal determinations of the bankruptcy court and employ[ ] the same standard of review as the district court." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005) (citation omitted).  Factual findings of the bankruptcy court are reviewed for clear error, and legal conclusions by either the bankruptcy court or the district court are reviewed *de novo*.  *Id.* at 1300.  *See also In re Fin. Federated Title & Tr., Inc.*, 309 F.3d 1325, 1328–29 (11th Cir. 2002).  We liberally construe *pro se* briefs.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

**A**

First, we have no trouble concluding that Fannie Mae had both statutory and constitutional standing to seek reopening of the bankruptcy case.  To have statutory standing in a bankruptcy case, Fannie Mae must be a "party in interest."  *In re*

---

[1] In their notice of appeal, the Woides identified the denial of their motion for reconsideration (D.E. 26 in Case Number 16-cv-01484) as the challenged ruling.  Their briefs, however, challenge the underlying ruling affirming the bankruptcy court's order, D.E. 24.  Because the Woides have presented no argument challenging the denial of their motion for reconsideration, their appeal of that ruling has been abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We do have jurisdiction to review the underlying ruling affirming the bankruptcy court's order despite the failure to designate that ruling for review.  *See Nichols v. Ala. St. Bar*, 815 F.3d 726, 730–31 (11th Cir. 2016) (reviewing undesignated orders where record made clear they were orders the party intended to appeal and there was no indication the appellee was misled or prejudiced).

*Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008).  A "party in interest" is defined as "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  11 U.S.C. § 1109(b).  *See also In re Westwood Community Two Ass'n, Inc.*, 294 F.3d 1332, 1337 (11th Cir. 2002) (holding that § 1109(b)'s "party in interest" definition applies in Chapter 7 bankruptcy proceedings).  In the bankruptcy proceeding, Fannie Mae's servicer filed a proof of claim on its behalf alleging an interest in the Woides' home and attaching the mortgage note it holds.  This establishes Fannie Mae as a "creditor" and therefore a "party in interest" with a right to be heard in the Woides' bankruptcy case.  *See* 11 U.S.C. § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor"); § 101(5)(A) (defining "claim" as a "right to payment").  This showing of a right to payment is also sufficient to establish the constitutional requirement that a party have a personal stake in the outcome of a case.  *See O'Halloran v. First Union Nat. Bank of Fla.*, 350 F.3d 1197, 1202–04 (11th Cir. 2003) (constitutional standing established by a bankruptcy trustee alleging financial injury caused by the embezzlement of funds). *See also* 7 Collier on Bankruptcy ¶ 1109.04[4] (16th ed. 2017) ("In general, the participation of a party in interest in any proceeding satisfies the requirements of Article III if the outcome of the proceeding may affect the ultimate disposition of that party's stake in the [ ] case").

5

We also disagree with the Woides that Fannie Mae was not a party in interest when it sought to reopen the bankruptcy case in 2016. Their argument that their attempted rescission of the mortgage under TILA in 2015 deprived Fannie Mae of standing fails because we recently held that their attempt was untimely and ineffective. *See Woide v. Fed. Nat'l Mortg. Ass'n*, 705 F. App'x 832, 837 (11th Cir. 2017). Likewise, Fannie Mae's status as a party in interest was not modified by a non-final state court order in a proceeding to which it was not a party.

## B

Second, we turn to the merits of Fannie Mae's motion to reopen the case and compel surrender of the Woides' home. We review the bankruptcy court's grant of a motion to reopen for abuse of discretion. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1186–87 (11th Cir. 2017) (en banc) (explaining that under 11 U.S.C. § 350(b), "the bankruptcy court retains broad discretion to reopen a closed case on a motion of the debtor or another party in interest . . . ."); *In re Haker*, 411 F.2d 568, 596 (5th Cir. 1969) ("It is elemental bankruptcy law the granting of a petition to reopen is a matter addressed to the sound discretion of the [c]ourt, and the only reason for setting aside that judgment of the trial court is for an abuse of that discretion."). A closed bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

In this case, the Woides first filed a Chapter 13 bankruptcy petition in December of 2010. The Woides filed Chapter 13 schedules which indicated that they intended to surrender their home in Deland, Florida. In April of 2011, the Woides' Chapter 13 case was converted into a Chapter 7 case. Although § 521(a)(2) of the Bankruptcy Code requires a Chapter 7 debtor to file a statement of intention indicating whether he or she intends to redeem secured property, reaffirm the debt it secures, or surrender the property, the Woides did not file one after conversion. The Woides did file amended schedules, but left blank Schedules A and D, which relate to their personal property and secured creditors.

After discharge, the Woides did not reaffirm the debt owed to Fannie Mae or redeem the property. Instead, they continued to live in the property without making mortgage payments. In December of 2011, Fannie Mae commenced a foreclosure action in Florida state court. Since then, the Woides have defended the foreclosure action and brought other actions in state and federal court in order to keep the property and invalidate the note and mortgage on their home. In March of 2016, Fannie Mae filed the instant motion to reopen the bankruptcy case to compel surrender of the property. After a hearing, the bankruptcy court granted the motion and issued its order reopening the case.

The Woides contend the bankruptcy court erred in reopening the case to compel surrender because they did not file a statement of intention to surrender

7

and, therefore, are not required to surrender their property. Their argument fails for two reasons.

First, although no statement of intention under § 521(a)(2) was filed after the case was converted into a Chapter 7 case, the Federal Rules of Bankruptcy Procedure provide that when a Chapter 13 case has been converted to a Chapter 7 case, "schedules[ ] and statements of financial affairs theretofore filed shall be deemed to be filed in the Chapter 7 case, unless the court directs otherwise." Fed. R. Bankr. P. 1019(1)(A). Because the Woides filed a schedule stating the intent to surrender their home in the Chapter 13 case and did not modify it in the amended schedules filed after conversion, the bankruptcy court was within its discretion to hold that the Woides had a duty to surrender the property.

Second, our case law is clear that § 521(a)(2) provides only three options for a debtor who has property that serves as collateral for his debts: redeem the property, reaffirm the debt, or surrender the property. *See In re Failla*, 838 F.3d 1170, 1178 (11th Cir. 2016) ("Section 521(a)(2) requires the debtor to either redeem, reaffirm, or surrender collateral to the creditor."). Doing nothing is not an option. *See In re Taylor*, 3 F.3d 1512, 1517 (11th Cir. 1993) ("[T]he plain language of 11 U.S.C. § 521(2) does not permit a Chapter 7 debtor to retain the collateral property without either redeeming the property or reaffirming the debt[.]"). If we were to accept the Woides' argument, we would reward a debtor

8

for failing to choose (and complete) one of these options. Both *Failla* and *Taylor* prohibit this outcome. *See Failla*, 838 F.3d at 1178; *Taylor*, 3 F.3d at 1516–17. "In bankruptcy, as in life, a person does not get to have his cake and eat it too." *Failla*, 838 F.3d at 1178. The bankruptcy court did not abuse its discretion by reopening the case to afford Fannie Mae relief.

## C

Finally, we do not think that Fannie Mae's motion was barred by laches or alleged misconduct.

To assert the defense of laches, the Woides were required to establish "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Venus Lines Agency, Inc. v. CVG Intern. Am., Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000). On appeal, the Woides argue only that Fannie Mae's delay bars its claim. Even if we accepted the argument concerning delay, the Woides have failed to show that they face any undue prejudice as a result of the delay. During the delay the Woides have "enjoyed free use of [the] property," *Bank of America, N.A. v. Rodriguez*, 558 B.R. 945, 951 (S.D. Fla. 2016), a benefit to which they were not entitled. *See Taylor*, 3 F.3d at 1517. There is no prejudice in requiring them to comply with § 521(a)(2) and their previous representations to the bankruptcy court that they would surrender the property.

The argument that Fannie Mae committed fraud or misrepresentation in order to obtain the order reopening the case is also without merit.  The Woides assert that Fannie Mae's contentions in its motion to reopen the case were "complete with full servings of fraud, concealment, and misrepresentation of material facts."  These accusations boil down to the Woides' disagreement with the arguments presented in Fannie Mae's motion, but nothing in the record supports the claim that Fannie Mae committed fraud or concealed anything from the bankruptcy court or the district court.  *Cf. S.E.C. v. ESM Grp. Inc.*, 835 F.2d 270, 274 (11th Cir. 1988) (finding allegations of fraud on the court insufficient because, among other things, "[a]n attorney is expected to present his client's case in the light most favorable to the client").

## II

We now turn to the issues raised by the Woides in their related appeal, Case Number 17-10777.

After the bankruptcy court issued its order reopening the case, the Woides moved for reconsideration.  The bankruptcy court judge denied the motion, but just days later recused himself *sua sponte* and vacated the order denying the motion for reconsideration (the "recusal order").  The case was then reassigned to a different bankruptcy judge.  The Woides filed a notice of appeal of the order reopening the case before the district court and, on the same day, also filed a motion to stay

10

proceedings pending their appeal and moved for reconsideration of the recusal order. The reassigned bankruptcy judge denied each of the Woides' motions. The district court affirmed these rulings on appeal.

Before us, the Woides contend that the bankruptcy court (1) lacked jurisdiction to consider either motion because of the pending appeal of the order reopening the case, (2) lacked authority to rule on the motion for reconsideration of the recusal order, and (3) erred in denying the motion to stay. We discuss, and reject, each argument in turn.

First, the bankruptcy court had jurisdiction to consider the motion for reconsideration of the recusal order and the motion to stay. Although the Woides appealed the order reopening the case, their motion for reconsideration of that order was pending at the time and, accordingly, the notice of appeal became effective only after the reassigned bankruptcy judge issued her ruling. *See* Fed. R. Bankr. P. 8002(b)(2). The Woides contend that the motion for reconsideration was not pending because the recused bankruptcy judge ruled on the motion and only "vacate[d] his prior orders but not the written orders." This argument ignores that the recused bankruptcy judge issued two orders, one vacating his orders "entered orally at the July 27, 2016 Hearing," Bkr. D.E. 63, and another which specifically notes that the "Order on Motion To Reconsideration … should … be vacated" and cites the docket entry for that order. *See* Bkr. D.E. 62. Therefore, the order on the

11

motion for reconsideration of the order reopening the case was vacated and the appeal was not effective until that motion was resolved. *See* Fed. R. Bankr. P. 8002(b)(2). The reassigned bankruptcy judge correctly determined that she had jurisdiction.

Second, the Woides are incorrect that the recused bankruptcy judge should have ruled on their motion to reconsider the recusal order. Generally, once a judge is recused, he or she may not issue any further substantive decisions in the case. *See In re BellSouth Corp.*, 334 F.3d 941, 949 (11th Cir. 2003). The motion for reconsideration of the recusal order is a substantive matter and, therefore, the recused bankruptcy judge did not err by not ruling on it. *See id.* (distinguishing between "housekeeping" orders and substantive decisions). The reassigned bankruptcy judge properly determined that she had authority to consider the motion.

Finally, the bankruptcy court did not err in denying a stay pending appeal of the order reopening the case. A stay pending appeal is an "extraordinary remedy" and the party seeking it must show: "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000). *See also In re Revel AC, Inc.*, 802 F.3d 558, 568

(3d Cir. 2015) (applying this four-part test in the context of a bankruptcy appeal under Fed. R. Bankr. P. 8007(a)(1)(A)).  For the reasons we explained in Part I of this opinion, the Woides were unlikely to prevail on the merits of their appeal.  Unable to establish the first element, the Woides were not entitled to a stay pending appeal.

## III

For the foregoing reasons, we affirm the orders of the district court in all respects.

**AFFIRMED.**