[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15664

_____

D.C. Docket No. 0:16-cv-60266-BB

In re Application of
FURSTENBERG FINANCE SAS,
MARC BATAILLON,

                              Petitioners - Appellees,

versus

LITAI ASSETS LLC,

                              Respondent - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2017)

Before HULL and BLACK, Circuit Judges, and RESTANI,[*] Judge:

_____

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

BLACK, Circuit Judge:

Furstenberg Finance SAS and Marc Batallion (collectively, Applicants) applied to the district court under 28 U.S.C. § 1782 for an order requiring Litai Assets, LLC (Litai) to produce certain discovery for use in foreign proceedings. Applicants, minority shareholders in Acheron Portfolio Company, S.A. (Acheron), cited plans to initiate proceedings in Luxembourg against Dr. Jean-Michael Paul, a member of Acheron's Board of Directors, for his undisclosed ownership interest in Litai. The district court granted the application and issued subpoenas. Litai moved to quash. Applicants cross-moved to compel. Litai appeals from the district court's order denying its motion to quash and granting Applicants' cross-motion, alleging two of the statutory requirements under § 1782 are unmet.

Before turning to Litai's arguments, we must address jurisdiction. "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." Typically, the denial of a motion to quash a subpoena is not appealable as to the party subpoenaed unless that party defies the order, risking contempt sanctions. *See In re Fed. Grand Jury Proceedings (Cohen)*, 975 F.2d 1488, 1491 (11th Cir.

2

1992).  This Court has never addressed, in a published opinion, whether an order denying a motion to quash a subpoena is a final, appealable order in proceedings brought under § 1782.  *See Fuhr v. Credit Suisse AG*, 687 F. App'x 810, 814–15 (11th Cir. 2017) (concluding, in an unpublished opinion, that such orders are appealable).

We conclude that an order denying a motion to quash a subpoena is a final, appealable order in proceedings brought under § 1782.  Many of our sister circuits have determined that an order granting or denying a § 1782 application is immediately appealable.[1]  But the issue before us is more specific.  Litai did not appeal the district court's order granting the § 1782 application; instead, Litai appealed the denial of its subsequent motion to quash.

The Ninth Circuit has addressed an analogous situation.  The Court concluded it had jurisdiction over an appeal from the denial of a protective order in a proceeding under § 1782, acknowledging that the protective order "effectively would have quashed the subpoena."  *See In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 562, 567 (9th Cir. 2011).  The opinion cited "an important difference between an appeal from an order concerning an ongoing

---

[1] *See, e.g.*, *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014) ("Because the § 1782 order is a sufficiently final order, we have subject matter jurisdiction to hear an immediate appeal from a district court's order granting discovery under that statute."); *In re Republic of Ecuador*, 735 F.3d 1179, 1183 (10th Cir. 2013) ("[Section] 1782 orders are considered final and appealable to this court." (internal quotation marks omitted)).

domestic . . . case and an appeal from an order concerning a request under the procedural mechanism of 28 U.S.C. § 1782." *Id.* at 565–66.  In a § 1782 proceeding, the underlying case is necessarily conducted in a foreign tribunal. Therefore, "[o]nce the district court has ruled on the parties' motions concerning the evidentiary requests, there is no further case or controversy before the district court." *Id.* at 566. We find the Ninth Circuit's reasoning persuasive and adopt it here.[2]  Because the district court's order denying Litai's motion to quash effectively resolved the case or controversy, the order is appealable.[3]

Satisfied that jurisdiction exists, we turn to the merits.[4]  A district court may not grant an application under § 1782 unless four statutory requirements are met: (1) the request must be made "by a foreign or international tribunal" or by "any

---

[2] Appellant urges an analogy to *Alexander v. United States*, 201 U.S. 117 (1906).  In *Alexander*, the Circuit Court of the United States for the Eastern District of Wisconsin ordered witnesses to testify and produce documents in connection with civil proceedings pending in the Circuit Court of the United States for the District of Minnesota. 201 U.S. at 119–20.  The witnesses appealed, contending the orders "constitute practically independent proceedings and amount to final judgment." *Id.* at 121.  The Supreme Court disagreed, holding a right of review would not arise unless the witnesses were held in contempt. *Id.*  The Supreme Court reasoned that until the contempt power is exercised, "the proceedings are interlocutory in the original suit." *Id.* at 122.  That line of reasoning is a poor fit for this case because parties may seek discovery under § 1782 *before* initiating a foreign proceeding.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004) ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings.").

[3] After this appeal was taken, the district court resolved a second motion to compel necessitated by Litai's deficient production.  Applicants cite this second motion as an illustration that the order denying Litai's motion to quash was not final.  But this argument is functionally identical to Applicants' contention that this Court should only consider appeals from motions to quash following contempt proceedings.

[4] We review a district court's decision to grant or deny an application under § 1782 for abuse of discretion. *In re: Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007).  But, to the extent the district court's decision is based on an interpretation of law, we review it *de novo*. *Id.*

4

interested person"; (2) the request must seek evidence, be it the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and, finally, (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. *In re: Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007).  Litai asserts the district court erred because the first and third requirements are unmet.  We disagree.[5]

The district court did not err by concluding the discovery sought was "for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782. Applicants intend to file a criminal complaint with a claim for damages in Luxembourg.  The complaint will trigger a criminal investigation by a judge.  Such investigations are proceedings within the meaning of § 1782.[6]  *Id.* (authorizing the production of evidence "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation").

Nor did the district court err by concluding Applicants have produced "reliable indications of the likelihood that proceedings will be instituted within a

---

[5] We are not addressing the scope of discovery, which is not at issue on appeal.

[6] Litai urges us to consider whether Applicants have standing to file a criminal complaint with a claim for civil damages under Luxembourg law.  We decline to do so.  Subject matter jurisdiction is intertwined with the merits, which are not before this Court in a § 1782 proceeding. *Application of Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA) Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) ("Like the district court, we are in no position to assess the merits . . . .").

reasonable time." *Application of Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA) Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (quoting *In re Letter of Request from the Crown Prosecution Serv. of the U.K.*, 870 F.2d 686, 692 (D.C. Cir. 1989)).  Applicants maintain that they will file proceedings in Luxembourg within forty-five days of receiving the discovery sought under § 1782.  The application to the district court also included specific evidence supporting Applicants' claims.  For example, Applicants cited an e-mail from a former member of Acheron's Board of Directors, Eric Kalfon, confirming that he had resigned because of Paul's "effective control of Litai."[7]

Finally, Litai contends Applicants are not "interested persons" within the meaning of § 1782.  We disagree.  In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the Supreme Court concluded the applicants, who had filed an antitrust complaint with the Directorate General for Competition of the European Union, were "interested persons" within the meaning of § 1782 because they had significant "participation rights" in the proceedings.  *Id.* at 250, 256.  The Supreme Court emphasized that, as part of the process, the applicants had the right to prompt an investigation, to submit evidence for consideration, and to proceed to court if the investigation was discontinued or the complaint was dismissed.  *Id.* at

---

[7] Litai contends the e-mail should not be considered because it is double hearsay. However, Litai has not provided any support for requiring that applications be supported by admissible evidence.  Litai's remaining attacks on the e-mail's reliability are unpersuasive.

256.  Here, Applicants plan to file a criminal complaint with a claim for civil damages in Luxembourg.  As part of the process, Applicants have the right to submit information for the investigating judge's consideration.  A criminal investigation will begin unless the judge concludes the complaint is inadmissible. Any of the parties can appeal a decision not to proceed.

   **AFFIRMED.**