[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15267
_____

D.C. Docket No. 1:16-cv-20335-RNS

In re Application of
DEPARTMENT OF CALDAS,
DEPARTMENT OF CUNDINAMARCA,
DEPARTMENT OF VALLE DEL CAUCA,
DEPARTMENT OF ANTIOQUIA,

Plaintiffs - Appellees,

versus

DIAGEO PLC,
SEAGRAMS SALES COMPANY LIMITED,
PERNOD-RICARD S.A.,

Intervenors - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 3, 2019)

Before JORDAN, GRANT, and BALDOCK,* Circuit Judges.

JORDAN, Circuit Judge:

Four Colombian Departments—the Department of Caldas, the Department of Cundinamarca, the Department of Valle del Cauca, and the Department of Antioquia—filed an *ex parte* joint application under 28 U.S.C. § 1782 to obtain discovery in aid of a foreign proceeding. Diageo PLC, Seagrams Sales Co. Ltd., and Pernod-Ricard S.A. (which we refer to as the liquor companies), intervened in the matter and now appeal the district court's grant of the § 1782 application as to two of the Departments. We affirm, and hold that the district court correctly decided the so-called "receptivity" factor by looking to evidence introduced by both sides, and in granting the application of two of the Departments.

**I**

The Departments filed their initial application under § 1782 in June of 2016, seeking to depose five of the liquor companies' former employees. The discovery was sought in connection with a then un-filed, but anticipated, civil action for unfair competition to be brought in Colombia. The district court initially granted the application, but the liquor companies learned of the proceedings and filed a motion to intervene. They argued that the application should be denied because the

_____

* Honorable Bobby R. Baldock, Senior United States Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation.

Departments had previously represented, in a separate case pending in the Eastern District of New York, that litigation in Colombia was not possible.

The magistrate judge recommended that the liquor companies be permitted to intervene and that discovery be denied until the Departments could demonstrate that they had filed suit in Colombia. The district court adopted the report and recommendation in part, allowing the Departments to file an amended application without first having filed suit.

The Departments filed their amended application in December of 2016, seeking to depose the same five witnesses. Several months later, the Departments filed a memorandum in support of their application. They notified the district court that two of the Departments, Valle del Cauca and Cundinamarca, had filed a *solicitud de conciliación*, or a kind of petition, satisfying a condition precedent to bringing suit in Colombia. The liquor companies, in a sur-reply, argued that the Departments' latest memorandum amounted to nothing more than another assurance that litigation was forthcoming. They explained that the Departments were not parties to the conciliation proceedings, and that as a result foreign proceedings were "not within reasonable contemplation."

The magistrate judge issued a report recommending denial of the amended application. The magistrate judge explained that two of the four Departments were not "interested persons" within the meaning of § 1782, and that any discovery they

3

obtained would not reasonably be "for use in a proceeding in a foreign or international tribunal." The magistrate judge also concluded that "[n]otwithstanding . . . . Valle del Cauca's and . . . . Cundinamarca's ostensible compliance with the statutory requirements[,]" three of the four discretionary factors used to evaluate a § 1782 application weighed against granting the Departments' request for discovery. The Departments filed objections to the magistrate judge's report.

In October of 2017, the district court entered its order on the magistrate judge's report. The district court declined to accept the liquor companies' characterization of the report. For example, the district court specifically rejected the liquor companies' argument that the magistrate judge had not concluded that any of the four Departments satisfied the statutory requirements of § 1782. The district court also explained that, even construing this argument as an objection, the magistrate judge had determined that Valle del Cauca and Cundinamarca had satisfied the § 1782 requirements and this determination was not "clear error." With respect to the discretionary factors under § 1782, the district court disagreed with the magistrate judge and, placing the burden of proving or disproving receptivity on both sides, concluded that the factors weighed in favor of partially granting the application. The district court adopted the magistrate judge's report and recommendation in part, granting the application only as to Valle del Cauca and

4

Cundinamarca, the two Departments which had satisfied both the statutory and discretionary factors under § 1782.

On appeal, the liquor companies challenge a number of the district court's rulings. We address the two contentions that present issues of first impression in the Eleventh Circuit, and affirm without further discussion in all other respects.

## II

Generally, we review the grant of a § 1782 application under an abuse of discretion standard, with underlying findings of fact subject to clear error review. *See In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007) (application decision); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (findings of fact). But matters of statutory interpretation, including the question of who bears the burden of proof under a federal statute, present legal questions that are subject to plenary review. *See Glock v. Glock, Inc.*, 797 F.3d 1002, 1005–06 (11th Cir. 2015); *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1504 (11th Cir. 1993). Both of the issues we discuss below present questions of law.

## III

Courts review § 1782 applications using two sets of factors—one statutory and one discretionary. *See Clerici*, 481 F.3d at 1331–32, 1334. The statutory factors permit a district court to grant an application where

> (1) the request [is] made by a foreign or international tribunal, or by any interested person; (2) the request . . .

> seek[s] evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence [is] for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application[.]

*Id.* at 1331–32. When these statutory requirements are satisfied, a district court is authorized—but not required—to provide judicial assistance to the applicant.  *See id.*  As we have said, "compliance with a . . . request is not mandatory."  *Id.* at 1334 (quotation marks and citation omitted).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the Supreme Court explained that district courts, upon concluding that the statutory § 1782 factors are met, should consider additional factors in deciding whether to exercise their discretion and grant an application.  These factors include the following:

> whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for . . . aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance; whether the . . . request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and whether the request is otherwise unduly intrusive or burdensome.

*Clerici*, 481 F.3d at 1334 (internal quotation marks and numbering omitted) (quoting *Intel*, 542 U.S. at 264–65).

The Supreme Court, in announcing the discretionary § 1782 factors, did not set out the appropriate burdens of proof, though it did say in a footnote that the party "targeted" in a § 1782 application "would no doubt wield the laboring oars in opposing discovery." *Intel*, 542 U.S. at 265 n.17. *See In re Schlich*, 893 F.3d 40, 49 (1st Cir. 2018) (noting that the "Supreme Court has not established the appropriate burden of proof . . . for any of the discretionary factors, or the legal standard required"). Likewise, we too have never decided who bears the burden of proof with respect to the discretionary *Intel* factors in a § 1782 case.

The liquor companies argue that the burden as to receptivity should be on the § 1782 applicant because it is the party seeking discovery. The Departments respond that the district court should be able to look to all parties for evidence on the matter of receptivity.

**A**

The liquor companies advocate placing the burden with respect to receptivity on the § 1782 applicant. But this allocation of the burden finds little support in federal law. Take, for example, the main case cited by the liquor companies. In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 WL 6878989, *2 (N.D. Cal. 2012), the special master placed the burden on the applicant, explaining that "[i]n

7

the Ninth Circuit, courts have generally placed the burden on the requesting party . . . to provide facts showing that the foreign court would welcome the proposed discovery."   But the district court, in adopting the special master's report and recommendation, chose not to ratify that allocation of the burden.  *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2013 WL 183944, *3 (N.D. Cal. 2013) (not squarely addressing burden on the matter of receptivity).   Given the absence of support, and the nature of the receptivity inquiry, we are not persuaded by the liquor companies' proposal.

Some courts suggest or hold that, in order to justify denial, the responding/objecting party must provide affirmative proof that the foreign tribunal would not accept the evidence obtained through the § 1782 proceeding.  *See, e.g., In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) ("[T]he party opposing discovery under section 1782(a) has the burden of demonstrating offense to the foreign jurisdiction or any other facts warranting the denial of a particular application.") (internal quotation marks and citation omitted); *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 80 (2d Cir. 1997) ("[A]bsent authoritative proof that a foreign tribunal would reject the evidence obtained . . . a district court should not refrain from granting the assistance afforded under the Act based simply on allegations to that effect."); *In re Veiga*, 746 F. Supp. 2d 8, 23–24 (D.D.C. 2010) (explaining that the party resisting discovery

must provide "authoritative proof that the foreign tribunal would reject the evidence sought"). The rationale of these cases is that, in order to be consistent with Congress' goal "of providing equitable and efficacious discovery procedures, district courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify denial of the application." *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1988) (pre-*Intel* case addressing receptivity). *Cf. Heraus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives.").

We decline to adopt this approach as well. As one district court cogently put it, the respondents in § 1782 proceedings "are often individuals plucked out of their repose who *may* have information relevant to a foreign proceeding but not necessarily the wherewithal to mount a defense to an application, let alone . . . prove a negative, *i.e.*, a foreign tribunal's *non* receptivity to the discovery sought." *In re Application of Chevron Corp.*, 762 F. Supp. 2d 242, 252 (D. Mass. 2010). And although sometimes other interested parties—like the liquor companies here—"may be more able to do so, . . . the burden imposed would be no less daunting." *Id.*

9

**B**

In *Schlich*, 893 F.3d at 50, the First Circuit concluded that the Supreme Court in *Intel* "intended for both parties to make their arguments as to all of the [discretionary] factors, and for the district court to then determine whom those factors favor." *Id.* "In this sense," the First Circuit explained, "we do not see the factors as creating a burden for either party to meet, but rather as considerations to guide the district court's decision." *Id.* (quotation marks omitted).

On balance, we prefer the First Circuit's middle-of-the-road approach with respect to receptivity—the only *Intel* factor before us today—and similarly hold that district courts need not apply a rigid burden-shifting framework to properly weigh the discretionary factor of receptivity in a § 1782 case. The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion. In that context, it is not necessary (or helpful) to put the burden on one side or the other with respect to receptivity. As the district court here put it: "Considering the discretionary nature of the determination, the [c]ourt is inclined to look to both sides to offer support regarding their respective positions on the receptivity issue." D.E. 96 at 5. *Cf. Murel v. Baltimore City Criminal Court*, 407 U.S. 355, 362 (1972) (Douglas, J., dissenting) ("The nature of the rights implicated . . . determines the

10

allocation and degree of the burden of proof and consequently the party upon whom the risk of error in the factfinding process will be placed.").

We are not convinced by the liquor companies' concern that distributing the burden as to receptivity among the parties will result in § 1782 applicants failing to address the issue. First, district courts will still need to consider this discretionary factor in coming to a decision. *See Schlich*, 893 F.3d at 50–51 ("It is clear that, even if all of the statutory requirements are met, the district court may still deny the discovery request if it finds that the weighing of the *Intel* factors favors denial, regardless of whether the respondent has proffered reasoning [to rule in its favor]."). Second, it may be that applicants are sometimes in a better position to offer evidence on the discretionary factors, and that proof of lack of receptivity may be difficult to procure (though we note that the liquor companies have not actually put forth anything more than argument to support those factual assertions). But the liquor companies ignore the legal reality that an applicant who fails to come forward with evidence on receptivity risks losing on that factor: "[A] party who relies on a 'blanket assertion' or does not properly substantiate its contentions runs the risk of not persuading the court to exercise its discretion in its favor." *Id.* at 50. Third, a party that fails to avail itself of the opportunity to rebut an applicant's evidence in support of receptivity (or, indeed, in support of any of the discretionary *Intel* factors) risks having the district court weigh that factor against it.

**IV**

The liquor companies challenge the district court's grant of relief to Valle del Cauca and Cundinamarca because they filed their application jointly with Antioquia and Caldas, the two Departments which failed to satisfy the § 1782 factors. All four of the Departments were working and litigating in tandem, and the liquor companies say that granting their joint application only in part effectively grants it in whole because the prevailing Departments will presumably share with the losing Departments the information they obtain in discovery.

The liquor companies have a practical point. But it is not apparent to us that they have a legal one. Adopting the liquor companies' formalistic reading of § 1782 to require a unitary disposition of a joint application would not help avoid the alleged harm. If we were to grant the liquor companies the relief they seek, and deny the application as to all four Departments, Valle del Cauca and Cundinamarca would merely turn around, refile their § 1782 applications, prevail on those applications (as they did on this joint one), and proceed to take the requested discovery, which they could then again presumably share with Antioquia and Caldas. *Cf. Glock*, 797 F.3d at 1007 ("[T]hroughout the history of the law, Congress was not focused on addressing what, if anything, could be done with documents that were previously lawfully obtained under [§ 1782]."). We will not order a course of action that would lead to an identical result through far less efficient means and that would contravene

12

§ 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (quotation marks omitted).  We therefore affirm the district court's grant of the application as to Cundinamarca and Valle del Cauca.

## V

The district court's order granting in part the Departments' § 1782 application is affirmed.

**AFFIRMED.**