*In re Furstenberg*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:    JON O. NEWMAN,
            PETER W. HALL,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

───────────────────────────────

In Re: Application of Furstenberg Finance SAS and Marc Bataillon

───────────────────────────────

Jean Michel Paul,

            *Interested Party-Appellant*,

            v.                                              No. 18-3158

Furstenberg Finance SAS, Marc Bataillon,

            *Applicants-Appellees*.

───────────────────────────────

For Appellant:                          JOHN G. KISSANE, Watson, Farley & Williams LLP, New York, New York

For Appellees:                          WARREN E. GLUCK (Robert J. Burns, Katherine A. Skeele, *on the brief*), Holland & Knight LLP, New York, New York

Appeal from an order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Interested Party-Appellant Jean-Michel Paul ("Paul") appeals the district court's September 26, 2018 opinion and order denying his motion for reconsideration of the district court's July 12, 2018 opinion and order granting discovery from twelve New York banks pursuant to 28 U.S.C. § 1782 for use in a contemplated criminal proceeding in Luxembourg. Applicants-Appellees Furstenberg Finance SAS and Marc Bataillon ("Applicants") are current or former shareholders in a Luxembourg company called Acheron Portfolio Corporation ("Acheron") that invests in life insurance policies held in U.S.-based trusts, two of which are managed by Acheron Capital Limited ("ACL"). Applicants allege that Paul, ACL's owner and an Acheron director, violated Luxembourg criminal law by failing to disclose his ownership interest in the Florida-based entity Litai Assets LLC ("Litai"), which administers the majority of Acheron's life insurance policies. The district court issued an opinion and order granting a narrowed version of Applicants' request for discovery pursuant to Section 1782 ("the Application") and Paul now appeals the subsequent denial of his motion for reconsideration of that order. We assume the parties' familiarity with the underlying facts, the issues, and the procedural history of the case.

"[A] district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application

2

is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Paul challenges the district court's interpretation of the second and third statutory prerequisites to the grant of Section 1782 discovery as well as the court's exercise of discretion to grant or deny discovery under the factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

We review *de novo* the district court's interpretation of the statute. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017). Once we have determined that the district court construed the statute correctly, we review its decision to grant discovery for abuse of discretion. *Brandi-Dohrn*, 673 F.3d at 79–80. A district court may abuse its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

For substantially the same reasons articulated in the district court's well-reasoned opinions and orders of July 12 and September 26, 2018, we affirm the district court's partial grant of the Application. *See In re Furstenberg Fin. SAS*, No. 18-mc-44, 2018 WL 3392882 (S.D.N.Y. July 12, 2018); *In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 620–21 (S.D.N.Y. 2018).

Applicants now represent that the challenged discovery has been completed and that their criminal complaint against Paul has been filed. In assessing whether the second statutory

requirement is met, however, this Court must ask "whether the contemplated proceedings were within reasonable contemplation *at the time the § 1782 application was filed*." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015) (emphasis added). While Paul argues that Applicants failed contemporaneously to support their claim of a reasonably contemplated proceeding with objective evidence, this contention is belied by Applicants' well-documented assertions, as well as those of their counsel, outlining the basis of their intended criminal complaint pending receipt of the evidence sought.[1] These statements provide the "concrete basis from which [the Court] can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Id.* As for Paul's effort to characterize Applicants' participation rights in a Luxembourg criminal proceeding as too attenuated to satisfy the "for use" prong of the second statutory criterion, these contentions invite the Court to delve into a "battle-by-affidavit of international legal experts" that turns on a prediction of "the procedural or substantive law of the foreign jurisdiction," which is beyond the scope of a Section 1782 inquiry.

---

[1] The Application in the instant case relies on many of the same declarations filed in a similar proceeding brought by Applicants to obtain discovery from Litai in the Southern District of Florida. *See In re Furstenberg Fin. SAS*, No. 16-MC-60266, 2016 WL 10707012 (S.D. Fla. July 27, 2016), *aff'd sub nom.*, *Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017). While we decline to afford the decisions of the Southern District of Florida and the Eleventh Circuit preclusive effect as concerns the instant case, we have reviewed the relevant materials from that litigation in reaching our determination that Applicants have provided a sufficient basis for the district court to have concluded that the Luxembourg criminal complaint was reasonably contemplated. Paul contends that the proceedings were not reasonably contemplated because the Applicants' failed to commence a criminal action sooner despite representing to the Florida district court that they would do so within 45 days of receiving their requested discovery. However, this argument is unpersuasive given the protracted legal battles that have ensued in the Florida proceeding and the fact that the proceeding is apparently still ongoing.

*Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (quoting *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 136 n.3 (3d Cir. 1985)).

For similar reasons, we decline to adopt Paul's view that Applicants are not "interested persons" at the third step of the statutory inquiry because they cannot guarantee that a criminal investigation will ensue from their complaint and can thus only "hope" that the discovery will be used. According to Applicants' affidavits, they will be parties to the Luxembourg proceeding and will submit the relevant evidence directly; they have thus demonstrated that their participation rights arise from "within the proceeding itself." *Certain Funds*, 798 F.3d at 122.

Having concluded that the statutory requirements were met, we can identify no abuse of discretion in the district court's decision to grant discovery. The district court examined each of the factors discussed in *Intel*, 542 U.S. at 264–65, and its analysis reveals no error of law or fact that warrants disturbing its conclusions.

Finally, we review for abuse of discretion the denial of Paul's motion for reconsideration. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). We find no abuse of discretion in the district court's denial of Paul's motion for reconsideration, including the denial of Paul's request for reciprocal discovery as insufficiently supported. Paul made the request for reciprocal discovery in only a single-sentence in his opposition to the Application and did not support that request with any legal argument or attach a draft request for production until he moved for reconsideration. Because a party may not advance new arguments or requests for relief in a motion for reconsideration if they were "not previously presented to the Court," *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (internal quotation marks omitted), the district court did not abuse its discretion in denying the request.

5

We have considered Paul's remaining arguments and find them to be without merit. We hereby **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court