[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11733
Non-Argument Calendar
_____

D.C. Docket No. 1:19-mc-23236-JAL

MARIA FERNANDA RIGAIL PONS,
Applicant pursuant to 28 U.S.C. 1782 For Judicial
Assistance in Obtaining Evidence for Use in Foreign
and International Proceedings,

Plaintiff-Appellee,

versus

AMKE REGISTERED AGENTS, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2020)

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Maria Fernanda Rigail Pons filed an ex parte Application for Judicial Assistance under 28 U.S.C. § 1782 seeking discovery in this country to assist her in litigation in another country. The district court granted the application. AMKE Registered Agents, LLC, which was one of the parties subject to discovery under that order, filed a motion to vacate it and quash the resulting subpoena. The district court "affirmed" a magistrate judge's order denying AMKE's motion, and this is its appeal.

## I.

Pons and her now ex-husband, Carlos Avellan, divorced in Ecuador in what we'll call the Ecuador Family Court. Under Ecuadorian law divorcing spouses must complete what are called inventory proceedings before their marital assets can be divided. Those proceedings involve the Ecuador Family Court appointing experts to compile an inventory of the marital estate based on the spouses' disclosures. After the inventory is compiled, there is a ten-day period in which the parties can present evidence supporting any objections they have to the marital estate inventory.

The ten-day period for objections has come and gone in Pons' case. She on three occasions asked the Ecuador Family Court to reopen the period, which she says she requested solely to correct a procedural error. That court denied each of her requests.

2

Pons believes that Avellan's disclosures to the Ecuador Family Court were incomplete and that he concealed some of his assets, including his ownership of certain United States companies. Her suspicion that he has some ownership in those companies is based on documents she found in their marital home about a year before their divorce proceedings began. She also suspects that he may have ownership interests in other companies that she doesn't currently know about, as well as other undisclosed assets.

In search of undisclosed and concealed assets, Pons filed an ex parte application under § 1782 in the Southern District of Florida. She listed five discovery targets, some of which are banks Avellan uses that she believes will have records of his concealed assets. One of the targets, which is not a bank, is AMKE, an LLC that she says operates some of Avellan's businesses.

In her § 1782 application to the district court Pons claimed that Avellan had not disclosed all of his assets to the Ecuador Family Court and had taken steps to hide them. She also claimed that her counsel in Ecuador advised her that the Ecuador Family Court would be receptive to the evidence and that the evidence would likely be admissible. Her application did not mention that the ten-day period had closed or that the Ecuador Family Court had denied her requests to reopen it.

3

The district court granted Pons' application, which authorized her to issue and serve subpoenas on the discovery targets. AMKE filed a motion to vacate the § 1782 order and quash the resulting subpoena. The motion was referred to a magistrate judge who denied it. AMKE objected to the magistrate judge's order, but the district court affirmed it. AMKE then appealed.[1]

## II.

We review only for an abuse of discretion the district court's denial of AMKE's motion to vacate the § 1782 order. Furstenberg Fin. SAS v. Litai Assets LLC, 877 F.3d 1031, 1034 n.4 (11th Cir. 2017). The "review is extremely limited and highly deferential" and it is "identical to that used in reviewing the district court's ordinary discovery rulings." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007).

A district court deciding whether to grant a § 1782 application must work through two steps. The first is determining whether it has the authority to grant to the application. Id. It has the authority if the following four statutory requirements are met: (1) the request must be made "by a foreign or international tribunal," or by

---

[1] AMKE's notice of appeal lists three orders: the order granting the § 1782 application, the magistrate judge's order denying the motion to vacate, and the district court's order affirming the magistrate judge. Because we have jurisdiction over the orders denying the motion to vacate, we don't need to decide whether we have jurisdiction over the order granting the § 1782 application. When we affirm an order denying a motion to vacate a § 1782 order, our decision necessarily determines that the underlying § 1782 order stands, even when that order has not been appealed. See Furstenberg Fin. SAS v. Litai Assets LLC, 877 F.3d 1031, 1034 (11th Cir. 2017).

"any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. Id. at 1331–32 (quoting 28 U.S.C. § 1782(a)). The requirement that the evidence be "for use" in a foreign proceeding is the only statutory requirement at issue in this case.

If all four statutory requirements are met, the district court must turn to the second step, which is considering the four factors articulated in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004). Those factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264–65). The second and third Intel factors are the only ones at issue in this case.

5

After taking both steps and considering all of the factors involved in each step, the district court ruled that the § 1782 application had been properly granted and affirmed the magistrate judge's order denying the motion to vacate. The court's ruling relied on two Articles of the Ecuador Civil Code: Articles 408 and 193. Article 408 requires that, when assets are found that were not known during the initial inventory, an inventory of those newly found assets "must be carried out and added to the previous one." Article 193 penalizes a spouse or heir who "willfully hides or removes an item from the partnership" by providing that party "shall lose its portion in that same item, and shall be obligated to reimburse it by double its value."

Based on Article 408, the district court ruled that Pons satisfied § 1782's "for use" requirement. Even if the original ten-day period had closed, the court found, the discovery of concealed assets could trigger a new inventory under Article 408. The court also found that the concealed assets were not known to Pons during the initial inventory period. Though she knew that Avellan had an interest in certain companies, the court found that she did not know what assets those companies had and that she sought to discover others that Avellan had concealed. The court concluded that AMKE's arguments largely went to whether the Ecuador Family Court would admit the evidence under Ecuadorian law, which, it ruled, was a question best left to Ecuador's courts.

6

The district court also ruled that all four of the Intel factors weighed in Pons' favor. As we have mentioned, the only two of those factors that AMKE contests in this appeal are the second and third ones. The second Intel factor considers whether the Ecuador Family Court would likely be receptive to the evidence of newly discovered and concealed assets. The district court reasoned that it would because of Article 408, which could require a new inventory, and Article 193, which could require penalizing Avellan. The third Intel factor asks whether Pons had attempted to use § 1782 to get around the Ecuador Family Court's "proof-gathering restrictions." The district court reasoned that Articles 408 and 193 showed that Pons had not. Both of those Articles indicate that the new evidence Pons seeks would be relevant to the Ecuador Family Court.

Finally, the district court rejected an argument that AMKE made about Pons' alleged lack of candor. AMKE had argued that what it described as Pons' lack of candor in her § 1782 application should be considered and was enough for the court to vacate the order granting the application. The alleged lack of candor was Pons' failure to disclose in her application that the ten-day period for objecting to the inventory, which is specified by Ecuadorian law, had closed and that the Ecuador Family Court had rejected Pons' requests to reopen it. But the district court concluded that because a new inventory could be required under Article 408, it was "immaterial, if not wholly irrelevant" that the Ecuador Family Court had, for

7

reasons unrelated to the presentation of new evidence, denied requests to reopen the ten-day period.

## III.

AMKE contends that the district court abused its discretion in determining that: (1) Pons' § 1782 application satisfied the statutory "for use" requirement; (2) the second Intel factor weighed in favor of granting the application; (3) the third Intel factor did, too; and (4) Pons' alleged lack of candor in her § 1782 application was not a reason to vacate the § 1782 order.[2]  We address each contention in turn.

---

[2] AMKE contends broadly that the § 1782 order violated its due process rights.  It never raised that issue in the district court, so it's forfeited.  Gill ex rel. KCR v. Judd, 941 F.3d 504, 513 (11th Cir. 2019).  AMKE also contends that Pons violated the Federal Rules of Civil Procedure in conducting the discovery authorized by the § 1782 order because she did not provide AMKE and the parties in the Ecuador Family Court with notice before serving subpoenas on the discovery targets.  That failure to give notice, AMKE says, is another reason its due process rights were violated.  But this is another issue that AMKE didn't raise in the district court in its effort to have that court vacate the § 1782 order.

AMKE asserts that it could not have raised the issue in the district court because it found out about the failure to give the other parties notice only after it read Pons' response brief in this Court.  But AMKE obviously knew all along that it had not received notice before being served with a subpoena, so it could have raised that issue in the district court.  And AMKE cites no authority for how any failure to give notice to other people affected its own due process rights, much less how that failure warrants vacating the § 1782 order.  See generally Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982) ("[T]his Court has held that 'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") (citation omitted).  We reject the failure to give notice contention.

A.

AMKE argues that the evidence is not "for use" in a foreign proceeding because the relevant proceeding in the Ecuador Family Court is closed. This is not, it insists, an argument about the admissibility of the evidence if there were an ongoing proceeding, but instead that there is no ongoing proceeding in which any new evidence could be admitted. There is not an ongoing proceeding, it says, because the Ecuador Family Court has rejected Pons' requests to reopen the ten-day period, depriving her of a "judicial vehicle" in which the evidence she wants to develop could be used.

But the district court found that Article 408 of the Ecuador Civil Code requires a new inventory when assets are found that were not known during the original inventory. It also found that Pons did not know about the assets because, even if she knew about Avellan's ownership interests in certain companies, she didn't know what those companies' assets were and she was seeking evidence about additional assets that he may have concealed. None of those findings was error.

The "for use" requirement under § 1782 "is not limited to proceedings that are pending or imminent;" instead, the foreign "proceeding for which discovery is sought need only be 'within reasonable contemplation.'" In re Clerici, 481 F.3d at 1333 (quoting Intel, 542 U.S. at 259). That the Ecuador Family Court has denied

9

Pons' requests to reopen the ten-day period based on something other than Article 408 is different from whether it would reopen the period based on Article 408. Even though the initial inventory period is closed, the point of the district court's finding about Article 408 is that it could require a new inventory. An Article 408 proceeding is a foreign one in which the evidence could be used. The district court did not abuse its discretion in finding that the "for use" requirement was satisfied.

## B.

AMKE argues that the second Intel factor weighs against granting Pons' § 1782 application, largely for the same reasons it argues the "for use" requirement is not satisfied. The second Intel factor considers the receptivity of the foreign court to the new evidence. See In re Clerici, 481 F.3d at 1334. The district court reasoned that the Ecuador Family Court would likely be receptive to the new evidence because that evidence could trigger Article 408's requirement to conduct a new inventory. The valuation of the marital estate depends on properly calculating the value of Avellan's ownership interests and of any other assets he may have concealed, which supports the conclusion that the Ecuador Family Court would be receptive to evidence about it.

Not only that, but Article 193 allows for a penalty against a party who conceals his assets — which is what Pons says Avellan did and which is what the new evidence might show. It stands to reason that the Ecuador Family Court

10

would want to know about a litigant's punishable behavior; otherwise, what is the point of Article 193. The district court did not abuse its discretion in finding that the Ecuador Family Court would likely be receptive to the evidence and in concluding that the second Intel factor favors Pons.

## C.

Next AMKE targets the district court's determination about the third Intel factor, which asks whether Pons is attempting to use the § 1782 application to circumvent the restrictions in Ecuador's law on discovering new evidence.[3] For reasons we've discussed, the district court found that Articles 408 and 193 made the evidence relevant to the Ecuador Family Court. It also found that the denials of her requests to reopen the ten-day period were not about the presentation of newly discovered assets. That meant there was "no evidence that [Pons] is attempting to obtain discovery that the Ecuador Family Court denied her." Pons is instead seeking evidence that could trigger Articles 408 and 193 of the Ecuador Civil

---

[3] AMKE also argues that we should avoid any "rigid burden-shifting framework" when considering the third Intel factor, which is what this Court has held should be done when considering the second Intel factor. See Dep't of Caldes v. Diageo PLC, 925 F.3d 1218, 1223 (11th Cir. 2019). Under the Diageo approach a court should not "put the burden on one side or the other" but "look to both sides to offer support regarding their respective positions on the receptivity issue." Id. As it turns out, the district court effectively did what AMKE asks us to do: it assumed that the Diageo standard applied to all of the Intel factors. And using that standard it found that all of the factors weighed in Pons' favor. We will make the same assumption because, regardless whether the Diageo standard applies to the third Intel factor, the result is the same. And even if Pons had the burden to show she was not attempting to circumvent Ecuadorian legal restrictions, she met it.

Code, neither of which has yet been applied by, or come up in, her divorce proceeding before the Ecuador Family Court. That is not seeking to evade Ecuadorian legal restrictions. The district court did not abuse its discretion in concluding that the third Intel factor weighed in favor of granting Pons' § 1782 application.

### D.

Finally, AMKE argues that the district court abused its discretion in finding that Pons' alleged lack of candor was not reason enough to grant the motion to vacate. As we have mentioned, AMKE asserts that Pons lacked candor by not telling the district court that the ten-day period for objecting to the inventory in the Ecuador Family Court had closed and that the court had denied her requests to reopen the period.

To begin with, AMKE cites no binding authority, or even persuasive circuit authority, for the proposition that a lack of candor is by itself a reason to vacate an order granting a § 1782 application. It's not clear that a § 1782 application that was properly granted should be vacated solely because the applicant omitted certain facts — facts that, once disclosed to the district court, did not alter its decision. But assuming that an order granting an application can be vacated for that reason, the district court concluded that the alleged lack of candor did not warrant vacatur because the information Pons left out of her application was

12

"immaterial, if not wholly irrelevant." The court reached that conclusion based on its finding that Article 408 could trigger a new inventory, meaning that the Ecuador Family Court's unrelated denials of Pons' requests to reopen the ten-day period for other reasons were not relevant to Pons' § 1782 application based on Article 408. The district court did not err in making that finding or in its reasoning. The court did not abuse its discretion in that or any other regard.

**AFFIRMED.**