[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11601
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00454-TWT-JSA-1

ROBERT MARKS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 22, 2021)

Before JILL PRYOR, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Robert Marks, a federal prisoner who pled guilty to, and was convicted of,

one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g),

appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction.  The

district court granted Marks a certificate of appealability ("COA") on the issue of whether he was entitled to relief under Rehaif v. United States, 139 S. Ct. 2191 (2019), which held that a conviction under § 922(g) requires that the defendant knew of his status as a felon when he possessed a firearm.  Marks, who did not appeal his conviction directly, claims that: (1) Rehaif error is jurisdictional; and (2) his guilty plea did not waive any Rehaif error.  After thorough review, we affirm.

From an appellate jurisdiction standpoint, the scope of review in a § 2255 appeal is limited to issues specified in the COA, but we will read the COA to encompass procedural issues that must be resolved before we can reach the merits of the underlying claim.  McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).  We are obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.  Application of Furstenberg Fin. SAS v. Litai Assets LLC, 877 F.3d 1031, 1033 (11th Cir. 2017).  We review de novo whether a district court had subject matter jurisdiction.  Colbert v. United States, 785 F.3d 1384, 1388–89 (11th Cir. 2015).  Under our prior-panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Court sitting en banc.  In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015).

For an indictment to confer subject matter jurisdiction upon a district court, it must allege that a defendant committed one or more "offenses against the laws of the United States."  United States v. Moore, 954 F.3d 1322, 1333 (11th Cir. 2020)

2

(quotations omitted).  Notably, however, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States."  Id. (emphasis added).  A defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him.  United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).  A jurisdictional defect, by contrast, may not be waived or procedurally defaulted, so a defendant need not show cause and prejudice to collaterally attack a conviction suffering from a jurisdictional defect.  McCoy, 266 F.3d at 1248-49.

It is "unlawful for any person" who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g).  Section 924(a)(2) provides that any person who "knowingly violates" § 922(g) may be imprisoned for up to ten years.  Id. § 924(a)(2).

In Rehaif, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  However, because Rehaif "neither stated nor intimated that [§] 922(g) is not a criminal prohibition," and because § 924(a)(2) is a penalty provision and "cannot stand alone as the sole criminal offense," we've rejected the claim that § 924(a)(2) must be included in an

3

indictment to confer jurisdiction on the district court. Moore, 954 F.3d at 1337. Thus, as we concluded in Moore, neither a criminal indictment's failure to include a mens rea element in charging a defendant of violating 18 U.S.C. § 922(g), nor that indictment's failure to track the language of § 924(a)(2), deprives a district court of jurisdiction to enter a conviction against a defendant. Id. at 1336–37.

Here, we recognize that the COA encompasses Marks's argument that the Rehaif error rendered his guilty plea jurisdictionally deficient, but that argument is nevertheless without merit. We are bound by our prior panel holding in Moore, which held that so long as the indictment alleges some conduct sufficient to meet the low burden of stating a crime against the United States -- like Marks's indictment does in this case -- the "mere omission of an element does not vitiate jurisdiction." Id. at 1336. On the record before us, the district court had jurisdiction when it accepted Marks's plea and convicted him in 2016.

We are also bound by Brown's holding that a defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him, and by Moore's holding that Rehaif error is non-jurisdictional. As a result, we are compelled to conclude that Marks's voluntary guilty plea waived any challenge to his indictment under Rehaif, and we affirm.[1]

---

[1] Because Marks's guilty plea waived any Rehaif error, we do not consider the government's alternate argument that Marks procedurally defaulted his Rehaif claim nor do we consider Marks's argument -- raised for the first time on appeal -- that Rehaif error is structural.

**AFFIRMED.**