RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0241p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

LUXSHARE, LTD.,

        *Petitioner-Appellee*,

    *v.*

ZF AUTOMOTIVE US, INC.; GERALD DEKKER;
CHRISTOPHE MARNAT,

        *Respondents-Appellants*.

> No. 21-2736

─────────────────

On Jurisdictional Show Cause Order, Motion to Stay Pending Appeal, and Motion to Expedite.
United States District Court for the Eastern District of Michigan at Detroit;
No. 2:20-mc-51245—Laurie J. Michelson, District Judge.

Decided and Filed:  October 13, 2021

Before:  SUTTON, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

─────────────────

**COUNSEL**

─────────────────

**ON RESPONSE TO SHOW CAUSE ORDER AND ON MOTION FOR STAY PENDING APPEAL:** Sean M. Berkowitz, LATHAM & WATKINS LLP, Chicago, Illinois, Roman Martinez, Tyce R. Walters, LATHAM & WATKINS LLP, Washington, D.C., for Appellants. **ON MOTION TO EXPEDITE DECISION:** William R. Jansen, Michael G. Brady, WARNER NORCROSS + JUDD LLP, Detroit, Michigan, Bradley S. Pensyl, ALLEN & OVERY LLP, New York, New York, for Appellees.

─────────────────

**ORDER**

─────────────────

This case concerns discovery, but with an international flavor.  ZF Automotive US, Inc., Gerald Dekker, and Christophe Marnat (collectively, "ZF US") appeal a district court order granting limited discovery to Luxshare, Ltd., under 28 U.S.C. § 1782.  Luxshare plans to use the

discovery in the parties' international arbitration. ZF US moves for a stay pending appeal, highlighting the Supreme Court's grant of certiorari in *Servotronics v. Rolls-Royce PLC*, 141 S. Ct. 1684 (2021), as well as ZF US's pending motion before the Supreme Court to grant an immediate appeal on the same issues raised in *Servotronics*.

As a threshold issue, the clerk ordered ZF US to show cause why its appeal should not be dismissed for lack of jurisdiction. Courts of appeals, outside of a few exceptions, have authority to review only "final decisions" of the district courts. 28 U.S.C. § 1291. The rule is designed to prevent "piecemeal" adjudication. *Abney v. United States*, 431 U.S. 651, 656 (1977). Litigants thus cannot immediately appeal discovery orders in most cases. More specifically, we have said that "a party served with a subpoena typically cannot appeal the denial of a motion to quash the subpoena until [it] has resisted the subpoena and been held in contempt." *Doe v. United States*, 253 F.3d 256, 261 (6th Cir. 2001).

But a § 1782 proceeding is different, as the entire dispute concerns discovery. Section 1782(a) permits a district court to order a person "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The district court's decision whether to order discovery—or, as here, whether to quash a subpoena ordering discovery—conclusively resolves the subject matter of the underlying proceeding. In the absence of "an 'underlying' [merits] proceeding, many of the concerns that make us reluctant to review discovery orders on an interlocutory basis disappear." *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014). We thus join the steady drumbeat of our sister circuits, which uniformly hold that orders under § 1782, including on motions to quash subpoenas, are final, appealable orders under 28 U.S.C. § 1291. *See, e.g.*, *In re Application of Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993); *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 n.1 (3d Cir. 1999); *Naranjo*, 768 F.3d at 346–47; *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011); *United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1203 (9th Cir. 2000) (order); *Republic of Ecuador v. For the Issuance of a Subpoena Under 28 U.S.C. § 1782(a)*, 735 F.3d 1179, 1183 (10th Cir. 2013); *In re Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031, 1033 (11th Cir. 2017).

Assured of our jurisdiction, we turn to the motion to stay.  We consider four factors in determining whether to grant a stay:  1) "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; 2) the likelihood the "applicant will be irreparably injured absent a stay"; 3) "whether issuance of the stay will substantially injure" other interested parties; and 4) "where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors "are the most critical."  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  But while the party seeking a stay "need not always establish a high probability of success on the merits," the party "is still required to show, at a minimum, 'serious questions going to the merits.'"  *Mich. Coal. of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

ZF US primarily argues that it has established a likelihood of success on appeal based on the Supreme Court's grant of certiorari in *Servotronics*, which could reach a different result from the one our court did in *Abdul Latif Jameel Transportation Co. v. FedEx Corp.*, 939 F.3d 710 (6th Cir. 2019), about whether § 1782 applies to private arbitration.  But ZF US must show "[m]ore than a mere 'possibility'" of success on the merits to satisfy this factor.  *Nken*, 556 U.S. at 434 (alteration in original); *cf. Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2089 (2017) (Thomas, J., concurring in part) (acknowledging that, when a party seeks a stay pending certiorari, the applicant must show not only "a reasonable probability that certiorari will be granted" but also "a significant possibility that the judgment below will be reversed" (quoting *Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991) (Scalia, J., in chambers))).  The Supreme Court at any rate has since dismissed *Servotronics*, so this argument falls to the side either way.  ZF US's other arguments for reversing the district court likewise fail to meet the requisite burden at this stage.

ZF US also alleges that it will suffer irreparable harm in the absence of a stay because— should this court find in its favor—the arbitration proceedings will likely be complete, and it will have no remedy for the harm.  But ZF US has failed to show that the minimal and nonconfidential discovery here would constitute irreparable harm.  In any event, it has not shown the requisite likelihood of success on the merits of its appeal.  *See Tiger Lily, LLC v. U.S. Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 524 (6th Cir. 2021) (order) ("Given that the [movant] is

unlikely to succeed on the merits, we need not consider the remaining stay factors.").  If we ultimately reverse the district court, we may mitigate any harms from the discovery as the circumstances allow.  *See JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (order).

Accordingly, the show cause order is withdrawn.  The motion to stay pending appeal is **DENIED**.  The motion to expedite is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk